### HENRY MASON v. THE STATE.

No. 3054.  Decided November 30, 1904.

**Burglary—Rape—Insufficient Evidence—Fact Case.**

Where the only evidence on a trial for burglary with intent to commit rape was that defendant crawled in the window partly over a trunk standing under the window of the bedroom of prosecutrix, and while lying in this position on the trunk reached over with a stick, which he held in his hand, and undertook by means of the stick to raise the night apparel of prosecutrix lying on the bed; that she raised up and defendant withdrew but appeared a few minutes thereafter at her window and peeped through the slats and ran away when the prosecutrix threw open the blinds, it was insufficient to sustain a conviction for burglary with intent to commit rape.

Appeal from the District Court of Mason.  Tried below before Hon. Clarence Martin.

Appeal from a conviction of burglary with intent to commit rape; penalty, seven years imprisonment in the penitentiary.

The opinion states the case.

*D. H. Meek,* for appellant.—Conceding that the proof in this case showed that the defendant entered the house of Max Martin, without his consent, yet it falls far short of proving with any degree of certainty that he entered with the specific intent of committing rape.  The intentions of the accused, in such cases as this, must be ascertained from what he said and did before the entry and while in the house.

In this case defendant did and said nothing bearing on his intentions, before, nor after he left the house; no threats or intimations before, nor flight, or admissions after, bearing on his intention. Turner v. State, 24 Texas Crim. App., 12; Hamilton v. State, 11 Texas Crim. App., 116; Mitchell v. State, 32 Texas Crim. Rep., 479; Allen v. State, 18 Texas Crim. Rep., 120; Criminal Statutes, arts. 838–839; Dina v. State, 9 Texas Ct. Rep., 99; Dina v. State, Texas Law Journal, vol. 2, p. 524; Coleman v. State, 26 Texas Crim. App., 252.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of burglary: the indictment alleging that the entry into the house was made for the purpose of committing rape upon a named woman.  The facts

upon which the verdict is predicated, in substance show, that on the night of the alleged buglary, defendant entered the house and raised the screen fastened in the window opening into the room, where the girl slept; that under the window was a trunk in the room, the top of which reached a little above the top of the window sill; that appellant crawled in the window partly over this trunk, with his feet hanging out in the room behind him; that while lying in this position on the trunk he reached over with a stick, which he held in his hand, and undertook by means of the stick to raise the night apparel of the girl lying on the bed. She sat up and spoke to him. He immediately withdrew. The girl further swears that a few moments afterwards, she saw defendant at a window on the outside, looking through the slats of the blind; that she threw open the blinds and he ran away. This is the State's case. Appellant's defense was an alibi. Concede the evidence in regard to alibi to be false, discredited at least by the jury, and that the girl's testimony is true. In order to constitute rape, there must be the specific intent to have intercourse with the woman without her consent and by force, and to overcome all resistance. As applied to the facts, unless defendant had the specific intent to commit the crime of rape upon the girl, the breaking of the house would not constitute burglary. The only evidence we have tending to prove such intent is the fact that, without touching her body with his person, and without fully entering the room, by means of the stick he undertook to raise the night apparel or gown of the girl. It seems from the facts that the trunk and the bed were some five or six feet apart. Under the authorities and the statute in our State, there must be something more than is here disclosed to justify the jury in arriving at the conclusion that the specific intent was there to commit rape. When discovered appellant immediately fled. The girl was in the room by herself, defendant was thoroughly familiar with the house and the premises, having worked there at different times, as the employee of the owner of the premises; and if he had intended to force himself upon the girl, situated and armed as he was, certainly there would have been some other fact to show that determination. Under the many authorities in this State, this would not be sufficient to indicate that appellant intended to force sexual intercourse upon the woman so as to constitute rape. Dina v. State, 9 Texas Ct. Rep., 99; Coleman v. State, 26 Texas Crim. App., 252; Turner v. State, 23 Texas Crim. App., 15; Hamilton v. State, 11 Texas Crim. App., 116; Mitchell v. State, 32 Texas Crim. Rep., 479; Allen v. State, 18 Texas Crim. App., 120. Many other cases could be cited in support of the proposition. However reprehensible this conduct may have been on the part of appellant, if he is the man who entered the house, it is not disclosed that he intended to commit the crime of rape as that offense is defined in our statute. Because the evidence does not justify the conviction, the judgment is reversed and the cause remanded.

*Reversed and remanded.*