## MILLER v. STATE.
### No. 19785.

Court of Criminal Appeals of Texas.

May 25, 1938.

Myres & Myres, of Fort Worth, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

CHRISTIAN, Judge.

The offense is burglary of a private residence with intent to commit rape; the punishment, confinement in the penitentiary for five years.

Appellant and Ernestine Anderson, the alleged injured party, are negroes. Clarence Anderson, husband of the injured party, was absent from home on the night of August 25, 1937. His wife was at home with their son, who was about seven years of age. According to her testimony, appellant came to the house about 8:30 p. m. and seated himself on the porch. At the time she was inside reading to her son. When she asked appellant why he was sitting on her porch he replied that he was tired. She ordered appellant to leave and he immediately obeyed her command. About 11:30 p. m., after she and her son had gone to sleep, she heard "a buzzing sound," which she thought was the alarm clock. Getting out of bed, she turned on the light and observed that someone was pulling the wire off of the screen door. She and her son immediately left the house, leaving the light on. She reported the matter to a neighbor, who in turn notified the sheriff. While she was at the neighbor's house she observed someone enter her home through the screen door. After the entrance had been gained the light in the house was cut off. The foregoing is substantially the testimony of the injured party.

When the sheriff reached the scene he found appellant under the bed in the room in which the injured party had been sleeping. His trousers were unbuttoned and his penis exposed. A pistol, which appears to have belonged to appellant, was also found in the house.

Appellant admitted going to the home of the injured party. However, he declared that she had invited him to visit her for the purpose of sexual intercourse. He denied any intent to commit the offense of rape.

The injured party was over eighteen years of age. Hence it was incumbent on the state to prove beyond a reasonable doubt that it was appellant's intent to overcome resistance by force. Hamilton v. State, 11 Tex.App. 116. Appellant made no attempt to conceal his identity, notwithstanding he and Ernestine Anderson were well acquainted. He knew her son was in the room with her. He entered the room after she had turned the light on and left the house. The circumstances strongly indicate that it was his intention to have carnal knowledge of her with her consent. We are constrained to hold that the evidence is insufficient. The following is taken from 7 Tex.Jur. 829:

"A conviction of burglary with intent to commit rape is not sustained by the bare proof that the party entered the room at night, since it does not exclude the possibility that his intention was to have carnal knowledge of the occupant with her consent. Where it appears that the defendant, after having entered the room, made no attempt to conceal his identity or to prevent an outcry on the part of the woman, and no threats or use of weapons is shown, the evidence does not sustain a conviction of burglary with intent to commit rape. Likewise, proof that the defendant ran when discovered is inconsistent with an in-

tent to overcome resistance by force. Nor ·is a conviction sustainable upon proof simply that the accused touched or grasped the person of the female. As tending to show ·an absence of intention to use force, consideration is to be given to the fact that other persons were present in the house or in the room occupied by the female."

See, also, Hays v. State, 86 Tex.Cr.R. 469, 217 S.W. 938.

The judgment is reversed and the cause remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.