**Patrick DENISON, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 64958.**

Court of Criminal Appeals of Texas, En Banc.

May 4, 1983.

Rehearing Denied June 22, 1983.

---

J. Thomas Sullivan, Dallas, for appellant.

Henry Wade, Dist. Atty. and Gregory S. Long, James Walker & Will Wilson, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

OPINION

CAMPBELL, Judge.

This is an appeal from a conviction for burglary of a habitation. Punishment is ten years imprisonment.

Appellant advances seventeen grounds of error on appeal. Appellant asserts that: (1) the evidence is insufficient to support the conviction and that the trial court erred by overruling appellant's motion to quash the indictment for failing to allege: (2) the situs of the offense: (3) the name of the person appellant intended to rape, and (4) the requisite mental state. Further, appellant asserts the jury charge was defective in failing to instruct on: (5) the lesser included offense of criminal trespass, (6) the lesser included offense of indecent exposure, (7) the law regarding voluntary acts as a basis for an offense, and (8) on the defensive issue of insanity. Appellant contends the trial court erred by: (9) admitting inculpatory oral statements of the victim, (10) by improperly stating the law regarding probation in overruling appellant's objection to improper questioning, and (11) by permitting the state to question the appellant regarding his understanding that he would not go to jail if the jury granted probation. Appellant maintains the trial court erred further by overruling his objections to portions of the state's jury argument which: (12) were directed at appellant's counsel, (13) stated appellant had "terrorized" other persons not present in the trial, (14) referred to "rape" being a violent crime when appellant was not indicted for rape, (15) made reference to the offense as being violent, (16) suggested that jurors should "get a gun" if they recommended probation, and (17) urged the expectations of the community in arguing for punishment.

Appellant challenges the sufficiency of the evidence. Specifically, appellant asserts that the state failed to demonstrate, beyond

a reasonable doubt, that the appellant possessed the requisite intent to commit rape as alleged in the indictment.

The appellant was indicted for burglary of a habitation under V.T.C.A. Penal Code, Section 30.02(a)(1). The applicable section of the penal code provides in pertinent part:

"Sec. 30.02. Burglary (a) A person commits an offense if, without the effective consent of the owner, he:

"(1) enters a habitation, or a building ... not open to the public, *with intent to commit a felony or theft.*"[1]

 Where the sufficiency of the evidence supporting a conviction is challenged, the evidence is viewed in the light most favorable to the verdict. The jury is the exclusive judge of the credibility and of the weight to be given to the evidence. *Esquivel v. State,* 506 S.W.2d 613 (Tex.Cr.App. 1974). The evidence presented at trial was sufficient to establish the requisite intent to commit the underlying felony, to-wit: rape.

On April 27, 1979, the victim, B____ J____ A____, went to bed at approximately 10:30 p.m. She testified that before retiring she locked both of the apartment doors. At approximately 1:00 a.m. she felt the bed move, waking immediately she saw a man "raising up off the bed." B____ J____ A____ immediately removed a gun from a table at the side of the bed and "put the gun in his chest." She then turned on a light and asked, "What are you doing here?"

Complainant then testified regarding the conversation which transpired between her and appellant:

"[PROSECUTOR]: I am going to ask you to repeat the language that person used to you and what did he say to you?

"A. You want me to say everything he said?

"Q. Everything you can remember.

"A. Well, he said that he had been watching me and that he loved me and *that he knew I was waiting for*

*him; that he wanted to fuck me and he was masturbating during this time and he just said a lot of things.* Those are the things that stick out in my mind."

Clearly, the evidence is sufficient to demonstrate the appellant entered the habitation with the intent of raping the victim as alleged in the indictment. See *Ford v. State,* 632 S.W.2d 151 (Tex.Cr.App.1982). This ground of error is overruled.

Appellant contends in three grounds of error that the trial court erred by overruling his motion to quash because the indictment failed: to designate the address of the habitation; name of the intended victim, nor to allege an offense.

 In an extensive review of the case law Judge Dally examined the particularity with which situs of an offense must be alleged under Section 30.02. *Hodge v. State,* 527 S.W.2d 289 (Tex.Cr.App.1975). In *Hodge,* supra, this Court held only the county need be alleged as the place where the offense was committed in a burglary indictment under Section 30.02. In the instant situation the indictment alleges the offense occurred in "Dallas County." The allegation of situs was sufficient and this ground of error is overruled.

Appellant complains that the trial court erred by overruling his motion to quash on the ground that the indictment failed to name the victim of the intended rape. The Dallas Court of Appeals has recently examined the necessity of alleging the victim's name when intended rape is the underlying felony under Section 30.02, *Mixon v. State,* 632 S.W.2d 836 (Tex.Cr.App.—Dallas) (Rehearing denied 1982) (Petition for Discretionary Review refused.) In *Mixon,* supra, the court noted:

"The additional information requested by appellant in his motion to quash, the rape victim's name, is evidentiary and not required for the notice or plea in bar. The offense of burglary under Art. 30.-

1. All emphasis supplied throughout by the writer of this opinion unless otherwise indi-

cated.

02(a)(1) is complete upon the act of entry with the intent to commit the named felony or theft, not the actual commission of the named felony or theft. *Johnson v. State,* 537 S.W.2d 16 (Tex.Cr.App.1976). Appellant was adequately aware of the offense charged, and what 'intent to commit' he was alleged to have when he entered the habitation. The fact of the eventual victim's name is merely part of the circumstances of proof which might have been brought by the State to prove its allegation in the indictment. We hold that the appellant had adequate notice to prepare his defense."

■ It is unnecessary to allege the name of the intended victim when rape is the intended felony named in a burglary indictment under Sec. 30.02, supra. This ground of error is overruled.

Appellant contends the indictment was defective in failing to allege an offense. Specifically the appellant asserts that the proper allegation of intent and mental state is absent. The appellant maintains that two distinct mental states are required and thus both must be alleged.

In *Teniente v. State,* 533 S.W.2d 805 (Tex.Cr.App.1976) this Court examined the allegation of a culpable mental state required under Sec. 30.02(a)(1). Writing for the Court, Judge Dally noted:

"V.T.C.A. Penal Code, Sec. 6.02, provides that a person does not commit an offense unless he intentionally, knowingly, recklessly or with criminal negligence engages in conduct as the definition of the offense requires. The conduct that is the gist of the offense of burglary in this case is the entry into the habitation with the requisite intent. The indictment alleges a culpable mental state with which the appellant entered the habitation; it alleges he entered the habitation 'with the intent to commit theft.'"

■ The indictment in the instant situation provides in pertinent part that the appellant:

"... did unlawfully, intentionally and knowingly enter a habitation without the effective consent of B____ A____, the owner thereof, with the intent to commit rape."

Clearly, under the rationale of *Teniente,* supra, the allegation of culpable mental state in the indictment sufficiently alleged the appellant's mental state. This ground of error is overruled.

Appellant asserts that the trial court erred by denying his request for jury instructions on the lesser included offenses of criminal trespass and indecent exposure.

■ Criminal trespass *can* be a lesser included offense of burglary of a building. *Day v. State,* 532 S.W.2d 302 (Tex.Cr.App. 1976). However, merely because a lesser offense is included within the proof of a greater offense, a jury charge on the lesser is not required unless there is testimony raising such issue that the defendant if guilty, is guilty *only* of the lesser offense. *McBrayer v. State,* 504 S.W.2d 445 (Tex.Cr. App.1974) (reh. den. 1974). In *Royster v. State,* 622 S.W.2d 442 (Tex.Cr.App.1981) (reh. den. 1981) a two-step analysis was articulated in determining the necessity of including a charge on a lesser included offense:

"Thus, in determining whether a charge on a lesser included offense is required, a two-step analysis is to be used. First, the lesser included offense must be included within the proof necessary to establish the offense charged. Secondly, there must be some evidence in the record that if the defendant is guilty, he is guilty of only the lesser offense. *Eldred v. State,* 578 S.W.2d 721 [(Tex.Cr.App.1979)]. This Court has consistently employed the two-step analysis in recent opinions dealing with the necessity of a charge on the lesser included offense." *Royster v. State,* supra.

■ In the instant case, while proving burglary of a habitation with intent to commit rape, the state proved appellant committed the offense of criminal trespass. However, the appellant did not present one scintilla of evidence. Therefore, there was no evidence presented at trial which showed that if the appellant was guilty, he was guilty of criminal trespass only.

■ Likewise, in proving the intent to rape in the instant situation, evidence was presented which would support a conviction of indecent exposure per Sec. 21.08, V.T.C.A. Penal Code. However, the uncontroverted evidence presented at trial failed to demonstrate that if guilty, appellant was guilty only of the offense of indecent exposure. The trial court did not err in excluding instructions on criminal trespass and indecent exposure.

■ Appellant contends the trial court erred by refusing to charge on the law of voluntariness. In *Bermudez v. State*, 533 S.W.2d 806 (Tex.Cr.App.1976) this Court held that voluntariness of conduct need only be pled in an indictment if it is an essential element of the offense. If it is not an essential element it is in the nature of a defense, *Bermudez v. State*, supra.

■ Voluntariness is not an essential element of burglary with intent to commit rape. Therefore our inquiry in the instant situation is confined to determining whether a defense was raised by the evidence. Absent such evidence the appellant was not entitled to a jury charge on this issue. V.T.C.A. Penal Code, Sec. 2.03(c), (e).

In support of his contention appellant relies exclusively on the testimony of B___ J___ A___, the victim, and officer Ronnie Smith of the Dallas Police Department. B___ J___ A___ testified that the appellant's mood during the incident was totally inappropriate, noting that he continually told her he loved her and wanted to have intercourse with her. She added that based on her experience as a nurse appellant appeared drugged. Additionally, B___ J___ A___ told appellant he needed psychiatric help because it was not normal for someone to break into another person's residence and masturbate. On cross examination she noted that inappropriate conduct was generally caused by drugs, alcohol, mental illness and grief. Officer Smith testified regarding the arrest of the appellant near B___ J___ A___'s residence. Smith noted the appellant appeared to be under the influence of some sort of drug. A search incident to the arrest revealed appellant did in fact possess a quantity of marihuana.

■ Voluntary intoxication does not constitute a defense to the commission of crime. V.T.C.A. Penal Code, Section 8.04. The only evidence which relates to the appellant's state of mind was that he was acting inappropriately because of voluntary intoxication, possibly marihuana. The evidence fails to demonstrate that the issue of voluntariness was "fairly raised" by the evidence presented. See *Barrientez v. State*, 487 S.W.2d 97 (Tex.Cr.App.1972).

■ Likewise, appellant's contention that he was entitled to a jury charge on the law regarding insanity is not supported by the evidence. B___ J___ A___ testified that due to the inappropriateness of the appellant's conduct she felt he was drugged, and that he should seek psychiatric help. On cross examination she conceded that inappropriate conduct can be caused by mental illness. This testimony alone is totally insufficient to raise the defensive issue of insanity per V.T.C.A. Penal Code, Sec. 46.-03.

Appellant maintains that the trial court erred by admitting into evidence testimony regarding an inculpatory oral statement appellant made at the time of arrest. At trial the following transpired:

"PROSECUTOR: And right as you arrested him what did he say as you were arresting him?

"DEFENSE COUNSEL: Judge, I'm going to object to any inculpatory statement coming in at this time.

"THE COURT: I overrule your objection.

"PROSECUTOR: As you were in the process of arresting him, just as you arrested him what, if

"OFFICER SMITH: He said something to the effect that 'I didn't do anything to that woman. I was just talking to her.' "

■ We note first that appellant's objection was general in nature and fails to preserve error. See *Bermudez v. State*, supra; *Hodge v. State*, 631 S.W.2d 754 (Tex. Cr.App.1982), and *Williams v. State*, 491 S.W.2d 142 (Tex.Cr.App.1973). Further,

the statement complained of was admissible as res gestae. In determining whether or not statements made by an accused are admissible as res gestae, each statement must be considered on its own merits. *Harryman v. State,* 522 S.W.2d 512 (Tex.Cr. App.1975); *Smith v. State,* 474 S.W.2d 486 (Tex.Cr.App.1971). In the instant situation the statement was made during the arrest, not in response to any type interrogation. Appellant was arrested while fleeing the scene of the burglary on foot. He was clearly in the emotional grip of the situation. The statement was admissible as res gestae of the arrest. See *Fowler v. State,* 379 S.W.2d 345 (Tex.Cr.App.1964); *Fisk v. State,* 432 S.W.2d 912 (Tex.Cr.App.1968); *Hood v. State,* 490 S.W.2d 549 (Tex.Cr.App. 1973).

■ Appellant alleges the trial court improperly stated the law regarding probation during the punishment phase of the trial. Specifically the appellant complains of the following exchange:

"PROSECUTOR: So you would be going right back to the same apartment complex where you committed the burglary that you were convicted of before won't you?

"DEFENSE COUNSEL: Your Honor, he doesn't know that. The Court may require him to live in a community treatment center.

"PROSECUTOR: There's no community treatment center. We object to that.

"DEFENSE COUNSEL: I object to his unsworn testimony.

"THE COURT: Counsel—

"DEFENSE COUNSEL: Doesn't exist.

"THE COURT: The terms and conditions—that is not a term and condition of probation.

"DEFENSE COUNSEL: The court may require it.

"THE COURT: No.

"DEFENSE COUNSEL: I object to his unsworn testimony in front of the jury.

"THE COURT: Let's get through here.

"DEFENSE COUNSEL: May I have a ruling?

"THE COURT: I overrule your objection."

No objection appears which relates to the trial court's comment. Absent an objection to the court's comment nothing is presented for review. *Esquivel v. State,* 506 S.W.2d 613 (Tex.Cr.App.1974); *McCary v. State,* 477 S.W.2d 624 (Tex.Cr.App.1972). This ground of error is overruled.

■ During the punishment phase of the trial the appellant took the stand to testify on his own behalf. On cross examination the prosecutor asked the appellant whether or not he would go to jail if he were granted probation. Counsel for the appellant objected on the grounds this question called for a legal conclusion. The objection was sustained, however, no request for additional relief was made. Therefore, error, if any was waived regarding this issue. *Lasker v. State,* 573 S.W.2d 539 (Tex.Cr.App.1978).

■ Subsequently the state again attempted to inquire as to whether appellant would continue to live at home if granted probation. Defense counsel objected "because it assumes matters not in evidence." The objection was overruled.

Appellant's objection was so general in nature as to apprise the court of nothing. Error was not preserved and nothing is presented upon appeal. *Bermudez v. State,* supra.

■ Appellant advances six grounds of error challenging the admission of various portions of prosecutorial jury argument. Four general areas of acceptable jury argument have been specified by this Court, *Alejandro v. State,* 493 S.W.2d 230 (Tex.Cr. App.1973). The four areas identified are: (1) summation of the evidence, (2) reasonable deduction from the evidence, (3) answer to argument of opposing counsel, (4) plea for law enforcement.

■ In examining challenges to jury argument this Court considers the remark in the context in which it appears. *Blassingame v. State,* 477 S.W.2d 600 (Tex.Cr.App. 1972). Counsel is given wide latitude without limitation in drawing inferences from

the evidence so long as they are reasonable, fair, legitimate, and offered in good faith. *Griffin v. State*, 554 S.W.2d 688 (Tex.Cr. App.1977). Conversely, a jury argument must be extreme or manifestly improper, or inject new and harmful facts into evidence to constitute reversible error. *Kerns v. State*, 550 S.W.2d 91 (Tex.Cr.App.1977).

■■■ The first portion of the prosecutor's argument of which appellant complains was the following:

"PROSECUTOR: ... I have asked you and I wanted to ask his lawyers I wonder what it would take—what would he have to do before they would stand up here and tell you members of the jury to send him to the penitentiary...

"DEFENSE ATTORNEY: I object to that as slapping at the Defendant over my shoulder."

■■■ Clearly the appellant's objection was insufficient to put the trial court on notice as to the ground of objection. See *Urtado v. State*, 167 Tex.Cr.R. 318, 319 S.W.2d 711 (Tex.Cr.App.1958). A general objection to jury argument is insufficient to preserve error and presents nothing for review. *Aliff v. State*, 627 S.W.2d 166 (Tex. Cr.App.1982). Assuming a proper objection had been made the argument remains within permissible limits.

Appellant's counsel had made a strong plea for probation during argument. The record demonstrates evidence had been introduced showing: appellant had been convicted of two prior misdemeanors, was on unadjudicated probation for the burglary of a building, and was currently on trial for a first degree felony. Considering the argument in the context in which it appears counsel's comments were proper as an opinion based upon inferences from the evidence.

■■■ Appellant's next ground of error challenges the trial court overruling his objection to the following portion of argument:

"PROSECUTOR: I want to ask you what we have got to bring you. You know, how many terrorized citizens we have to bring down here—people who are in mortal fear of that man over there?

"DEFENSE COUNSEL: I object as suggesting there are many people he has terrorized suggesting some personal knowledge of the prosecutor."

The prosecutor's remark is a reasonable inference from the record. The victim had testified that she and her daughter had recurrent nightmares regarding the incident. Further, the fact that appellant was already on probation for burglary demonstrates prima facie he had previously "terrorized" others. See *Porter v. State*, 601 S.W.2d 721 (Tex.Cr.App.1980).

Appellant asserts that the trial court erred in overruling his objection to the prosecutor's reference to rape as a violent crime. The following transpired during argument:

"PROSECUTOR: ... His lawyers say he is not a violent man. You see, Mr. Withrow says that there is no history of violence. I'm sorry, the first man said there was no history of violence. The second man said he was not life threatening. They want you to believe that rape isn't a violent crime."

"DEFENSE COUNSEL: I object. There is not an allegation of rape in this case.

"THE COURT: Overrule your objection.

■■■ Clearly, appellant's objection at trial related to the absence of an allegation of rape in the case. On appeal he asserts that the argument is improper because it improperly characterizes rape as a violent crime. Grounds of error urged on appeal must comport to the objections made at trial or error is not preserved. *Bell v. State*, 582 S.W.2d 800 (Tex.Cr.App.1979). Error, if any, was waived by appellant's failure to specifically object at trial on the ground of error urged on appeal. *Bell v. State*, supra.

■■■ Appellant complains that the prosecutorial argument characterized the offense as "violent." This argument was a proper inference from the record as a reply to defense counsel's argument that: "We don't have a violent behavior." Further, it

was entirely within reason to argue this act was violent in light of evidence that a 38 year old female was forced to use a pistol to escort the uninvited masturbating appellant from the sanctity of her bedroom in the middle of the night.

 In his final two grounds of error appellant complains of the prosecutor's comments that:

"... If you send him right back out there—if you want to put him back in the community where you live, you're a whole lot braver than I am. I submit to you if you put him back on the street—and you know that's what a probation is—you better go home and you better get a gun."

* * * and

"... It's your community. You live here. B___ A___ is one of us. She is like you and I. She is an innocent victim. She deserves protection—black, white, or anything else. She deserves protection and the only people who can protect her and everybody else are you."

Both of the complained of portions of the argument related to reasonable inferences from the evidence as well as proper pleas for law enforcement. *Parks v. State,* 400 S.W.2d 769 (Tex.Cr.App.1966); *Jones v. State,* 153 Tex.Cr.R. 345, 220 S.W.2d 156 (Tex.Cr.App.1949); *Meadowes v. State,* 368 S.W.2d 203 (Tex.Cr.App.1963).

The judgment is affirmed.

TOM G. DAVIS, J., concurs in result.

MILLER, J., dissents.

ODOM, Judge, dissenting.

I dissent to the majority opinion's ruling on the prosecutor's jury argument.

The first argument that was improper constituted an improper comment about defense counsel. The prosecutor argued:

"... what would he [appellant] have to do before they [defense counsel] would stand up here and tell you members of the jury to send him to the penitentiary ...."

See *Bray v. State,* 478 S.W.2d 89 (Tex.Cr. App.1972); *Spencer v. State,* 466 S.W.2d 749 (Tex.Cr.App.1971). The majority's conclusion that the argument was a proper opinion that probation was not appropriate in this case ignores the fact that the argument actually was that defense counsel should not have argued in favor of probation.

I also do not agree with the majority's statement that evidence of appellant being on probation for burglary demonstrates he had terrorized others. It is not an element of burglary that any person be on the burglarized premises or even in the vicinity at the time of the offense. See V.T.C.A., Penal Code Sec. 30.02. If the argument is construed as a reference to the facts of the offense for which appellant was on probation, which the majority apparently is doing, it goes beyond the permissible limit of showing only the fact of conviction.

For these reasons I dissent.

CLINTON and TEAGUE, JJ., join.

TEAGUE, Judge, dissenting.

Although I find myself in disagreement with many statements in the majority opinion, I limit my remarks in the dissenting opinion to the issue concerning the sufficiency of the evidence, i.e., whether the State established beyond a reasonable doubt that appellant committed the offense of burglary with the intent to force the complainant to have sexual intercourse with him.

Appellant was not shown to be armed with any type weapon, either before or after he entered the complainant's apartment. He never threatened the complainant after entry with words or gestures that he was going to force her to have sexual intercourse with him, although he did inform the complainant, while masturbating himself, that he desired to have consensual sexual intercourse with her. This is not sufficient, in my view, to establish the offense of burglary with the intent to have forcible sexual intercourse with another person.

The question before this Court does not involve the appellant's bizarre behavior, whether done intentionally or because of mental illness. Instead, the question before this Court is whether the State proved beyond a reasonable doubt what it had alleged: that appellant entered the complainant's apartment with the intent to have forcible sexual intercourse with the complainant.

There is no question but that appellant is guilty of one or more criminal offenses, but that is not the question. The question is whether the State proved his guilt of committing the offense of burglary with the intent to have forcible sexual intercourse with the complainant.

It is axiomatic that to constitute the offense of burglary with intent to commit some felony, the specific intent alleged must be proved beyond a reasonable doubt. Such proof must, with reasonable certainty, lead to the conclusion sought, and not to mere speculation and surmise. *Greer v. State,* 437 S.W.2d 558 (Tex.Cr.App.1969).

In this instance, the allegation is not that appellant entered the complainant's apartment with the intent to have consensual sexual intercourse with her, but, instead, it was alleged that the appellant made entry with the intent to commit forcible sexual intercourse with the complainant. Entry intending to have consensual sexual intercourse is not the same as entry intending to have forcible sexual intercourse. See *Roberts v. State,* 136 Tex.Cr.R. 138, 124 S.W.2d 128 (Tex.Cr.App.1939); *Walls v. State,* 164 Tex.Cr.R. 470, 299 S.W.2d 953 (Tex.Cr.App. 1957); *Conrad v. State,* 154 Tex.Cr.R. 624, 230 S.W.2d 225 (Tex.Cr.App.1950); *Baldwin v. State,* 153 Tex.Cr.R. 19, 216 S.W.2d 985 (Tex.Cr.App.1949); *Sanchez v. State,* 143 Tex.Cr.R. 345, 158 S.W.2d 801 (Tex.Cr.App. 1942); *Miller v. State,* 134 Tex.Cr.R. 611, 117 S.W.2d 62 (Tex.Cr.App.1938); *Brown v. State,* 94 Tex.Cr.R. 140, 250 S.W. 170 (Tex. Cr.App.1923); *Hays v. State,* 86 Tex.Cr.R. 469, 217 S.W. 938 (Tex.Cr.App.1920); *Sedgwick v. State,* 57 Tex.Cr.R. 420, 123 S.W. 702 (Tex.Cr.App.1909); *Cotton v. State,* 52 Tex.Cr.R. 55, 105 S.W. 185 (Tex.Cr.App.

1907); *Mason v. State,* 47 Tex.Cr.R. 403, 83 S.W. 689 (1904); *Mitchell v. State,* 33 Tex. Cr.R. 575, 28 S.W. 475 (Tex.Cr.App.1894); *Coleman v. State,* 26 Tex.App. 673, 9 S.W. 609 (Tex.Cr.App.1888); *Turner v. State,* 24 Tex.App. 12, 5 S.W. 511 (Tex.Cr.App.1887); *Allen v. State,* 18 Tex.App. 120 (1885); and *Hamilton v. State,* 11 Tex.App. 116 (1881).

Any cases of this Court which reflect or indicate that a person may be guilty of the offense of burglary, where it is alleged that he entered the premises with intent to have forcible sexual intercourse, but the evidence clearly reflects and indicates, as here, that the defendant did not have the intent to have forcible sexual intercourse should be overruled.

No defendant, regardless of how despicable and shocking his conduct might be, or how sorry he might be as a human being, should ever be convicted of anything other than what he is accused of committing. By the facts as set out in the majority opinion, we do a disservice to the jurisprudence of this State by affirming this conviction on the evidence the State presented.

To such action, I respectfully dissent.

CLINTON, J., joins.