Jose Zubia PACHECO, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–84–00131–CR.

Court of Appeals of Texas, El Paso.

Jan. 18, 1989.

David C. Guaderrama, El Paso County Public Defender, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. of El Paso, El Paso, for appellee.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

## OPINION ON REMAND

WOODARD, Justice.

This is an appeal from a jury conviction for burglary of a habitation. Punishment was assessed at five years' imprisonment. This Court initially affirmed the conviction in an unpublished opinion. *Pacheco v. State,* (Tex.App.—El Paso No. 08–84–00131–CR, October 24, 1984). Discretionary review was granted as to Appellant's first point of error—the refusal to instruct the jury on the defense of insanity. Believing that this Court erroneously upheld the refusal to instruct on the basis that no expert testimony was offered, the Court of Criminal Appeals vacated our judgment and remanded the cause to this Court for reconsideration. *Pacheco v. State,* 757 S.W.2d 729 (Tex.Crim.App.1988).

■ Contrary to Judge Clinton's opinion, this Court did not hold and does not presently consider expert testimony to be essential to raise an insanity issue for jury submission. As we stated in our original opinion, "lay testimony is competent evidence on the issue of insanity," citing *Graham v. State,* 566 S.W.2d 941, 950 (Tex. Crim.App.1978). To which we add for the sake of clarity, that lay evidence may be not only competent but sufficient evidence to raise the issue for submission, and justify a jury verdict of insanity. Our decision turned on our conclusion that the evidence offered was insufficient to raise such issue under the statutory elements of the defense as it existed at the time. *See* former Tex.Penal Code Ann. sec. 8.01. Judge Clinton wrote that this Court's opinion *"particularly noticed"* the absence of expert testimony. We "particularly noticed" such absence in addressing the total evidentiary posture of the record on this issue. Our notice of the lack of expert testimony appears "particularized" as a simple reflection of the paucity of insanity evidence in the record, not as a result of intentional focus or belief that expert testimony was essential.

■ The behavioral evidence and context of the offense are set out in both our original opinion and the opinion of the Court of Criminal Appeals. We expand our initial recitation only to incorporate the quoted testimony of the two witnesses relied upon for the requested jury submission. Francisca Nunez, sister of the complainant and eyewitness to Appellant's behavior, stated on cross-examination:

> I believe he is not very well, I don't know if he was drunk or drugged, but he was not very well. (R. II, 50).

and then:

> The way he was acting I believe he was either drunk or he was a drug addict or that he was not right in his mind. (R. II, 50).

Lucia Ramos, the complainant, testified in response to defense inquiry if she had an opinion as to Appellant's insanity:

> Yes. It's that you told me—if I told him, because of the things that he did, that coming out with a coffee pot, well, we just thought that he was just not right. (R. II, 60).

When asked if she thought he didn't know what he was doing, she stated:

> Well, I believe so because, a normal person, they don't do these things. I don't know. (R. II, 60).

In his opinion, under a section titled "Other Evidence", Judge Clinton has "particularly noticed" that the jury appended a note to its punishment verdict strongly recommending that the Appellant receive medical

and professional counseling. The *legal* application of such occurrence to the issue under review escapes this Court, but it certainly does not constitute "other evidence" to be assessed in deciding the sufficiency of the testimony to raise an insanity issue. Accordingly, we do not incorporate such occurrence in our reconsideration. The same is true with regard to other footnoted occurrences in the "Other Evidence" section. *Pacheco v. State,* 757 S.W.2d 729, 732 n. 4 (Tex.Crim.App.1988).

We find the evidence and analysis in *Denison v. State,* 651 S.W.2d 754 (Tex.Crim.App.1983), virtually indistinguishable from the record before us, to include Judge Clinton's view of *Denison* as put forth in his opinion in this case. Despite the competency and potential sufficiency of lay testimony:

> [E]vidence of lay witnesses, who never undertook to express a conclusion or opinion on insanity, was not sufficient to raise the issue.

*Pacheco v. State,* 757 S.W.2d 729, 736 (Tex.Crim.App.1988). In *Denison,* the complainant, a nurse, testified that based on her nursing experience and the defendant's inappropriate behavior, he appeared to be drugged. She admitted telling him that in her opinion he needed psychiatric help. On cross-examination, she conceded that inappropriate conduct can also be the product of mental-illness. By a five-to-four vote, the Court of Criminal Appeals affirmed the conviction holding that this evidence was insufficient to raise a factual issue of insanity. Three dissenters did not express disagreement with that conclusion. The fourth dissented without opinion.

■ Nunez and Ramos, without any indication of any background similar to the complainant's nursing experience in *Denison,* also *speculated* upon the cause of Appellant's abnormal behavior on this one brief occasion. In addition to the absence of any expert testimony of insanity, as statutorily defined, there was no other lay testimony of other abnormal behavior on Appellant's part—no reference to his past behavioral history. Nunez first stated that in her opinion he *may have been* either drunk or drugged or *not in his right mind—he was not very well.* Are we to equate "not very well" with "legally insane." We do not consider Nunez's statement that he was either drunk, drugged or not in his right mind as representing three alternative but definite opinions as to Appellant's mental and physical status, but as a purely speculative, spectrum offer of characterization of the degree of abnormality in his behavior. It is inappropriate to focus upon her inclusion of mental incapacity in the list of speculations, without due regard to the alternative context of her suggestions. This is no definite opinion of insanity. To hold otherwise is tantamount to saying that a guess that the pea is either under the first, second or third shell is a definite opinion as to each. Try and collect your winnings on that kind of guess. The Ramos testimony is even weaker. While stating that he was "just not right," she concluded her response to the inquiry with a flat "I don't know."

It is one thing for an appellate court to second-guess the trial judge (not infrequent). It is another for the appellate court to second-guess the jury (less frequent and only to the extent of unfinding facts found). It is yet another, and wholly inappropriate thing, for an appellate court to second-guess two eyewitnesses and by result-oriented reading, place thoughts in their minds, words in their mouths and meanings in their actual words which are not supported by the record. The *actual* evidence is that this case is absolutely insufficient to raise a factual issue of insanity and necessitate a jury instruction. Point of Error No. One is still overruled.

The judgment is affirmed.