Brown-O v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-271-CR

     OLLIE BROWN,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 77th District Court
Limestone County, Texas
Trial Court # 7959-A
                                                                                                    

O P I N I O N
                                                                                                    

      Appellant was charged by indictment with aggravated assault upon a peace officer
accompanied by a second paragraph alleging that he (Appellant) was convicted of a previous
felony, to-wit: Burglary of a building. Appellant entered a plea of not guilty to the main offense
before a jury and after trial was found guilty. After the punishment hearing, the same jury
assessed his punishment at ten years in the Texas Department of Criminal Justice, Institutional
Division.
      Appellant comes to this court upon one point of error as follows:
"The comments by the prosecutor during argument in the punishment phase
constitute an improper plea for law enforcement, were manifestly improper and denied
Appellant a fair trial, due process of law, in violation of the United States and Texas
Constitutions."
      The State's final argument in its entirety in the punishment phase is as follows:
"[PROSECUTOR]: Ladies and gentlemen, I'm going to be very brief. I know your
time is valuable to you, and I appreciate you being here. Appreciate your service and I
appreciate your verdict most of all.
I'm going to ask you to go back in the jury room and ask you to fill out the first
paragraph. And I'm going to ask you to give Ollie Brown 20 years.
Now, [Defense Counsel] has stated that he's had a rough life, doesn't have any
money. I don't want a fine in this case. I want him to serve some time. I want him to
serve some time and think about what he did in this case.
Think about other convictions here. Obviously he has not been rehabilitated. Maybe
he needs a little more time to think about it. Maybe it'll deter him next time he gets
arrested. Maybe he won't resist arrest. Maybe he won't assault a peace officer. Maybe
if you give him enough time he'll be rehabilitated and won't be arrested again.
Now, the police did their job. The district attorney's office did its job. You've done
part of your job finding him guilty. I want you to complete your job with the 20-year
sentence.
You're going to remember your verdict. You'll remember your service on this jury. 
You're going to remember what you did. You give him enough time, you'll know that
what you did was right. Don't put society's stamp of approval on what he did by giving
him a light sentence. This is your county and these are your streets. These officers are
working for you.
[DEFENSE COUNSEL]: Objection. He's making a plea to law enforcement.
            THE COURT: Overruled.
[PROSECUTOR]: Like I say, Your Honor, ladies and gentlemen, this is your
county. You are going to decide what you will or will not tolerate by your verdict. 
Thank you."
      In order to be appropriate, jury argument must fall within the categories of (1) summation of
the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing
counsel; or (4) a plea for law enforcement. Alejandro v. State, (Tex. Crim. App. 1973) 493
S.W.2d 230, 231; Hightower v. State, (Tex. Crim. App. 1981) 629 S.W.2d 920, 926.
      As stated above, the objection which Appellant's counsel made to the State's closing argument
on the punishment phase was: "Objection. He's making a plea to law enforcement." This is not
a valid objection and therefore preserves nothing for review. See Aliff v. State, (Tex. Crim. App.
1982) 627 S.W.2d 166, 172; Denison v. State, (Tex. Crim. App. 1983) 651 S.W.2d 754, 761-62.
      However, assuming a proper objection had been made, we believe the argument complained
of remains within permissible limits. The State's attorney is permitted to make a plea for law
enforcement. The prosecutor was trying to get across to the jury the punishment he thought was
appropriate. The State has wide latitude in argument, and error does not result unless the
argument is extreme, manifestly improper, or injects new and harmful facts. Denison v. State,
652 S.W.2d at 754, 761-62; Blackwell v. State, (Tex. App.—Waco 1991) 818 S.W.2d 134, 138.
      Appellant's sole point of error is overruled and we affirm the trial court's judgment.
 
                                                                                     JOHN A. JAMES, JR.
                                                                                     Justice (Retired)

Before Chief Justice Thomas,
      Justice Cummings, and
      Justice James (Retired)
Affirmed
Opinion delivered and filed June 2, 1993
Do not publish