Affirmed and Memorandum Opinion filed December 2, 2008








Affirmed and Memorandum Opinion filed December 2, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO.  14-07-00616-CR

____________

 

ROGER DONNELL DAVIS, III, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 180th
District Court

Harris County, Texas

Trial Court Cause No. 1062675

 



 

M E M O R A N D U M   O P I N I O N

Roger Donnell Davis, III was convicted of possession of a
controlled substance on school premises and sentenced to 2 years= confinement in
state jail.  The trial court suspended the sentence, placed appellant on
community supervision for 2 years, and assessed a $5,000 fine.  Davis now
appeals his conviction, asserting that the trial court erred by (1) failing to
grant a mistrial because of improper jury argument, and (2) denying appellant=s motion to
suppress evidence seized during a warrantless search of appellant=s car.  We affirm.








BACKGROUND

On March 24, 2006, while appellant was a student at Mayde
Creek High School in Katy, Sandra K. Wilson, an assistant principal, received
an anonymous tip concerning him.  A school security guard, Andrew L. McGarthy,
searched appellant in Wilson=s office and found nine alprazolam[1]
tablets in his jacket.  Mr. McGarthy then detained appellant and awaited the
arrival of Katy ISD police officer Julio Reyes, III.  In Wilson=s and McGarthy=s presence,
Officer Reyes asked appellant for permission to search his vehicle, which was
parked on campus.  Appellant consented to the search and gave Officer Reyes his
keys.  Officer Reyes also asked appellant if he had any further Acontraband@ in his vehicle
and appellant responded that he did not.  

Officer Reyes testified that he and a school security guard
then searched appellant=s car.  The security guard immediately
discovered an ASP baton[2]
lying in the backseat.  Officer Reyes further testified that he noticed a small
closed compartment on the center console, between the front seats.  Because he
was looking for pills such as those found in appellant=s jacket, Officer
Reyes decided to open the compartment.  Using a pocket knife, he was able to
pry it open.[3] 
Inside, Officer Reyes discovered a small, cloth bag.  Officer Reyes said he
could feel small rounded objects in the bag which he suspected to be pills. 
When he opened the bag, he found several .38-caliber rounds.  Officer Reyes
looked deeper into the compartment where he discovered a loaded .38-caliber
Ruger revolver.  Appellant later confirmed that the weapon was his.








Officer Reyes arrested appellant for possession of a
controlled substance on school premises.  A jury convicted appellant of the
charge.  Before beginning the trial=s punishment
phase, the court heard appellant=s motion to
suppress the items found in his vehicle.  The court heard testimony, denied
appellant=s motion, and then admitted the items into evidence
during the punishment phase.  The jury assessed punishment at 2 years= confinement in
state jail.  But because appellant had no prior offenses, the jury recommended
that the trial court suspend appellant=s sentence in lieu
of 2 years= community supervision and payment of a $5,000 fine. 
The trial court agreed and sentenced appellant accordingly.  This timely appeal
followed.  

ANALYSIS

I.                   
Improper Jury Argument

Appellant argues in his first issue that the trial court
erred in denying his motion for a mistrial after sustaining his objection to
statements the prosecutor made during her closing argument.  During the
argument in question, the following exchange took place:

PROSECUTOR:  I want you, ladies and
gentlemen, to be very cognizant of something.  Just because we say that this is
a case where you should findCyou
should find him guilty and you shouldCdoesn=t mean you shouldn=t give serious attention to
this case.

From the testimony of Miss Wilson, as well
as the other officers that testified, it is clear that Xanax, possession of
drugs such as Xanax is a common problem that is found in the school system
today.  And Roger Davis is an example of a student who refusesC 

DEFENSE COUNSEL: Excuse me, your honor, I
object.  That is an improper plea for law enforcement.

THE COURT: Sustained.

DEFENSE COUNSEL: Ask that the jury be
instructed to disregard that comment.

THE COURT: Jury disregard the last remark
of [the prosecutor].

DEFENSE COUNSEL: And respectfully move for
a mistrial.








THE COURT:
That=s denied. 

 

Here, appellant  again
argues that the prosecutor=s
statement constitutes an improper plea for law enforcement.[4]


A
mistrial is the trial court=s
remedy for improper conduct that is A>so prejudicial that
expenditure of further time and expense would be wasteful and futile.=@  Hawkins v.  State, 135 S.W.3d 72, 77
(Tex.  Crim.  App.  2004) (quoting Ladd v.  State, 3 S.W.3d 547, 567
(Tex.  Crim.  App.  1999)).  Only extreme circumstances, where the prejudice is
incurable, require a mistrial.  Id.  When the trial court sustains an
objection and instructs the jury to disregard, but denies a motion for
mistrial, the issue is whether the trial court abused its discretion by denying
the mistrial.  Id. at 76B77;
Dixon v.  State, No. 14-03-01259-CR, 2008 WL 1795063, at * 3 (Tex. App.CHouston [14th Dist.] Apr.
22, 2008, no pet.)  (mem.  op., not designated for publication).  A trial court
abuses its discretion only when its decision falls outside the zone of
reasonable disagreement.  Casey v. State, 215 S.W.3d 870, 879 (Tex.
Crim. App. 2007).








Proper jury argument by the State falls within one of
four categories: (1) summation of the evidence; (2) reasonable deduction from
the evidence; (3) answer to argument of opposing counsel; and (4) plea for law
enforcement.  Wesbrook v. State, 29 S.W.3d 103, 115 (Tex.  Crim.  App. 
2000); Ayala v. State, No. 14‑07‑00428‑CR, 2008 WL
3931431, at *5 (Tex. App.CHouston
[14th Dist.] Aug. 21, 2008, no pet. h.).  However, even when an argument
exceeds these permissible bounds, an error is not reversible unless, in light
of the record as a whole, the argument is extreme or manifestly improper, or
injects new facts harmful to the accused into the trial proceeding.  Wesbrook,
29 S.W.3d at 115; Ayala, 2008 WL 3931431, at *5.  This court considers
the argument in the context in which it appears.  Denison v. State, 651
S.W.2d 754, 761 (Tex. Crim. App. 1983). 

The prosecutor argued that the evidence showed appellant
was guilty of an offense  amounting to a serious threat to both schools and
society at large.  The prosecutor did not ask the jury to abandon its
objectivity, but rather to convict appellant on the facts and evidence
presented at trial.  This is a valid plea for law enforcement and a proper
topic for jury argument.  See Wesbrook, 29 S.W.3d at 115; Ayala,
2008 WL 3931431, at *7 (prosecutor=s
jury argument based on demonstration of evidence was a proper plea for law
enforcement). 

Even if an argument is improper, generally an
instruction to disregard will cure it.  See Dinkins v. State, 894 S.W.2d
330, 357 (Tex. Crim. App. 1995); Dixon, 2008 WL 1795063, at *3.  The
reviewing court puts its faith in the jury=s
ability, upon instruction, to consciously recognize the potential for prejudice
and to discount the prejudice, if any, in its deliberations.  Gardner v.
State, 730 S.W.2d 675, 696 (Tex. Crim. App. 1987); Dixon, 2008 WL
1795063, at *3.  In this case, the trial court sustained appellant=s objection and instructed
the jury to disregard the prosecutor=s
statement.  We presume the jury obeyed the trial court=s instruction to disregard.  Dixon,
2008 WL 1795063, at *3; see also Gardner, 730 S.W.2d at 696 (appellate
courts presume that an instruction to disregard evidence will be obeyed by the
jury).  Because the trial court had already given an instruction to
disregard in this case and because we conclude the argument was not improper,
the court did not abuse its discretion in refusing to grant a mistrial.  See
Wesbrook, 29 S.W.3d at 175; Hawkins, 135 S.W.3d at 77.  We overrule
appellant=s first
issue. 

II.                
Warrantless Search and Seizure








In his second issue, appellant argues that the trial
court erred in denying his motion to suppress the evidence seized in the
warrantless search of his vehicle.  At issue in the suppression hearing was the
trial court=s
admission of the baton, the loaded .38 revolver, and the ammunition rounds. 
Appellant argues that the weapon and ammunition were discovered only after
Officer Reyes opened a locked compartment in appellant=s carCbeyond
the scope of appellant=s
verbal consent to search the vehicle.  Appellant further asserts that because
this search was beyond the scope of his consent, without a warrant, and without
probable cause, the evidence was improperly seizedCin violation of his rights under the Fourth
and Fourteenth AmendmentsCand
the trial court should have suppressed it. 

We review a trial court=s
ruling on a motion to suppress under an abuse‑of‑discretion
standard.  Swain v. State, 181 S.W.3d 359, 365 (Tex. Crim. App. 2005). 
At a suppression hearing, the trial court is the sole finder of fact and is
free to believe or disbelieve any or all the evidence presented.  State v. 
Ross, 32 S.W.3d 853, 855 (Tex.  Crim.  App.  2000).  If the
record is silent regarding the reasons for the trial court=s ruling, or the trial
court makes no explicit findings of fact and neither party has timely requested
findings from the trial court, we imply the necessary findings that would
support the ruling when the evidence supports these implied fact findings. State
v. Kelly, 204 S.W.3d 808, 818B19
(Tex. Crim. App. 2006).  We give almost total deference to the trial court=s determination of
historical facts, but review de novo the trial court=s application of the law to these facts.  State
v.  Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000).  If the trial court=s ruling is reasonably
supported by the record and is correct on any theory of law applicable to the
case, the reviewing court must sustain it upon review.  Villarreal v. State, 935 S.W.2d 134, 138 (Tex.
Crim. App. 1996); Flores v. State, 172 S.W.3d 742, 748 (Tex. App.CHouston [14th
Dist.] 2005, no pet.).








It is well settled under the Fourth and Fourteenth
Amendments that a search conducted without a warrant issued upon probable cause
is Aper se
unreasonable . . . subject only to a few specifically established and well‑delineated
exceptions.@  Schneckloth v. Bustamonte, 412 U.S. 218, 219
(1973) (quoting Katz v. United States, 389 U.S. 347, 357
(1967)).  It is equally well settled that one of the specifically established
exceptions to the requirements of both a warrant and probable cause is a search
that is conducted with consent.  Id.; see also Reasor v. State,
12 S.W.3d 813, 817 (Tex. Crim. App.  2000). 

At the suppression hearing, appellant testified that he
gave Officer Reyes verbal consent to search his vehicle.  It is significant
that then, as now, that appellant did not challenge the voluntary nature of
this consent.  Rather, his argument has always been that the act of opening the
console container exceeded the scope of his consent.  

The standard for measuring the scope of a suspect=s consent under
the Fourth Amendment is that of objective reasonableness, i.e., what a
reasonable person would have understood by the exchange between the officer and
the suspect.  Florida v. Jimeno, 500 U.S. 248, 251 (1991); Crooks v.
State, No.  14-00-00665-CR, 2001 WL 128328, at *3 (Tex. App.CHouston [14th
Dist.] Feb. 15, 2001, no pet.)  (not designated for publication).  The
expressed object of the search also defines the search=s scope, and a
suspect is free to limit the scope of the search to which he consents.  Jimeno,
500 U.S. at 251B52; Crooks, 2001 WL 128328, at *3. 
Unless an officer=s request, or a suspect=s consent, limits
a search to a particular area of a vehicle, such as the passenger compartment,
trunk, or the like, the request for a search Aof the car@ reasonably
includes all areas of the vehicle in which the object of the search might
reasonably be placed.  Crooks, 2001 WL 128328, at *3.








Officer Reyes testified that when he asked for appellant=s consent to
search his vehicle, he explained that he would be searching for Aother contraband.@  This testimony
was not disputed.  A reasonable person would interpret such a request as
including areas of appellant=s vehicle where Aother contraband@ might be
located.  Further, as Officer Reyes testified, since he was initially searching
for pills similar to the Xanax tablets discovered in appellant=s jacket, it was
reasonable to suspect that such pills might be hidden in the closed console
compartment.  Finally, there was no testimony to suggest that appellant voiced
any reservations or placed any limits on the consent he gave to Officer Reyes. 
As Officer Reyes=s search was conducted with appellant=s consent, and
involved only areas where relevant contraband might reasonably be found, the
search was properly within the scope of appellant=s voiced consent. 
See Crooks, 2001 WL 128328, at *3.  

On appeal, appellant complains that he was never given Miranda
warnings or similar statutory warnings before being asked to consent to the
search.  However, we know of no authority that requires a suspect be informed
of his Miranda rights before obtaining a consent to search.  See
Rayford v. State, 125 S.W.3d 521, 528 (Tex. Crim. App. 2003); see also
Smith v. State, No. 01-07-00590-CR, 2008 WL 340485, at *6 n.7 (Tex. App.CHouston [1st
Dist.] Feb. 7, 2008, pet.  ref=d) (mem.  op., not designated for
publication).  Further, appellant argues that he was not properly informed of
his right to decline consent to the search.  But Aa warning that an
individual does not have to consent to a search and has the right to refuse is
not required nor essential.@  Flores, 172 S.W.3d at 750
(quoting Meeks v. State, 692 S.W.2d 504, 510 (Tex.  Crim.  App.  1985)).

As the evidence at issue was obtained by a proper and
reasonable consensual search, the trial court did not abuse its discretion in
denying appellant=s motion to suppress.  See Villarreal, 935 S.W.2d at 138.  We overrule
appellant=s second issue.              

CONCLUSION

Having overruled appellant=s two issues, we
affirm the trial court=s judgment.

 

 

/s/      Jeff Brown

Justice

 

Judgment rendered
and Memorandum Opinion filed December 2, 2008.

Panel consists of
Chief Justice Hedges and Justices Guzman, and Brown.

Do Not Publish C Tex.  R.  App.  P.  47.2(b).









[1]  Alprazolam is a controlled substance sold under the
brand name AXanax.@  See http://www.usdoj.gov/dea/pubs/scheduling.html
(last visited November 21, 2008).





[2]  An AASP baton@ is a telescoping tactical weapon manufactured for
law-enforcement agencies by ASP, Inc.  See http://www.asp-net.com/batons.html
(last visited November 21, 2008).





[3]  During the suppression hearing, appellant described
being able to Apop open@
the compartment by using a key.





[4]  Appellant also argues for the first time on appeal
that the prosecutor=s closing argument Ainjected
new facts harmful to the defendant,@
and included an expression of a personal opinion.  However, because these
objections were not raised at trial, they are waived for purposes of appeal.  See
Tex.  R.  App.  P.  33.1; see also Swain v. State, 181 S.W.3d 359,
367 (Tex. Crim. App. 2005) (appellant failed to preserve complaint for review
when issue on appeal does not comport with trial objection).