

NUMBER 13-12-00601-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JOSE LUIS DAVILA, **Appellant,**

**v.**

THE STATE OF TEXAS, **Appellee.**

### On appeal from the 430th District Court of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza and Benavides
### Memorandum Opinion by Justice Garza

A jury convicted appellant, Jose Luis Davila, of assault-family violence, elevated

to a third-degree felony offense by a prior assault-family violence conviction. *See* TEX.

PENAL CODE ANN. § 22.01(a), (b)(2)(A) (West, Westlaw through 2013 3d C.S). The trial

court assessed punishment at sixty-six months' imprisonment. *See id.* § 12.34 (establishing punishment range for third-degree felony at two to ten years' imprisonment and a maximum $10,000 fine). By a single issue, appellant contends the trial court erred in admitting into evidence the judgment and police report from a prior assault-family violence conviction. We affirm.

## I. BACKGROUND

Deputy Juan Gomez of the Hidalgo County Sheriff's Department testified that he responded to a domestic disturbance call at a home on Thanksgiving Day in 2011. When he arrived at the home, he found Maria Davila, appellant's wife, with bruises on her face and arm. Appellant was not present; he had left the home when Maria called for assistance. Maria was afraid of appellant. Approximately an hour and a half later, Deputy Gomez was called back to the home. The front door was broken in, and Deputy Gomez heard appellant arguing with Maria. Deputy Gomez arrested appellant.

Maria testified that on the day of the assault, appellant broke the front door. He entered the home and slapped her, pushed her onto the bed, and "violated" her.

Jesus Joel Vargas, an investigator with the Hidalgo County Sheriff's Department, testified that he investigated appellant's criminal history. The State offered into evidence State Exhibit 1, appellant's judgment of conviction for assault-family violence in 2005 and State Exhibit 2, the police report for the 2005 offense. Defense counsel objected to the exhibits on grounds that: (1) the documents were not properly authenticated by Investigator Vargas; and (2) there was no evidence establishing that the individual named in the 2005 documents was appellant. The trial court overruled the objections and admitted the exhibits. The prosecutor requested permission to publish the documents to

the jury. Defense counsel then objected to publication of the documents to the jury under rules of evidence "402 or 403, and 404(b)." *See* TEX. R. EVID. 402, 403, 404(b). The trial court overruled defense counsel's objections to publication on "all three grounds."

After Investigator Vargas reviewed appellant's name, the date of the offense, and other information from the 2005 judgment, the prosecutor turned his attention to the 2005 offense report. Defense counsel re-urged his objection to "reading the offense report to the jury," stating that doing so "under 404(b) is propensity evidence, character evidence, and it's inappropriate." The prosecutor responded that he did not intend to read the offense report, but only needed to establish that the date on the offense report matched the date on the judgment, that appellant was named in both documents, and that the victim was a family member. The trial court stated that defense counsel's objection was "sustained in part and overruled in part"; the court ruled that the prosecutor could establish basic information, but was not permitted to go into "the facts of the case." Defense counsel then stipulated that appellant was the person named in the 2005 offense and that he had pleaded guilty and was convicted of family violence. The trial court accepted the stipulation and sustained defense counsel's objection. Defense counsel did not request a limiting instruction or a mistrial.

## II. DISCUSSION

By a single issue, appellant contends the trial court erred in admitting the judgment and police report from appellant's 2005 assault-family violence conviction into evidence. The State responds that appellant failed to preserve any issue for our review because the basis for his objection to the admission of the documents at trial differs from his complaint on appeal. We agree with the State.

3

On appeal, appellant argues that the evidence was irrelevant under rule 402, that its probative value was outweighed by the danger of unfair prejudice under rule 403, and that it constituted character evidence under rule 404(b). *See id.* However, the record reflects that at trial, appellant only objected to admission of the documents on grounds that they were improperly authenticated and there was no evidence establishing appellant was the individual named in the 2005 documents. Although appellant subsequently objected to *publication* of the documents to the jury on the grounds he now urges on appeal, he did not object to the admission of the documents on those grounds. "Grounds of error urged on appeal must comport with the objections made at trial or error is not preserved." *Denison v. State,* 651 S.W.2d 754, 762 (Tex. Crim. App. 1983); *see* Tex. R. App. P. 33.1; *see also Graves v. State*, No. 13-11-617-CR, 2013 WL 3326826, at *3 (Tex. App.—Corpus Christi June 27, 2013, no pet.) (mem. op., not designated for publication) (same); *Toliver v. State*, No. 12-06-388-CR, 2008 WL 726378, at *6 (Tex. App.—Tyler March 19, 2008, pet. ref'd) (mem. op., not designated for publication) ("If a party fails to object until after an objectionable exhibit has been admitted into evidence, his objection is untimely and error is waived."). We therefore conclude that appellant failed to preserve any issue for our review.

Moreover, even if appellant had preserved his issue, appellant has not shown he was harmed by admission of the exhibits. Appellant's entire harm analysis consists of the following: "The harm here occurred by allowing the jury to take back into the jury room, documents containing hearsay and extraneous conduct. Evidence which they should not have been allowed to be privy to, let alone consider in the jury room."

Generally, the erroneous admission of evidence is non-constitutional error subject to a harm analysis under Texas Rule of Appellate Procedure 44.2(b). *See Russell v. State*, 155 S.W.3d 176, 181 (Tex. Crim. App. 2005) (holding that violation of evidentiary rule is non-constitutional error). We disregard non-constitutional errors that do not affect the appellant's substantial rights. TEX. R. APP. P. 44.2(b); *Robinson v. State*, 236 S.W.3d 260, 269 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). An error affects a substantial right only when the error had a substantial and injurious effect or influence on the jury's verdict. *Robinson*, 236 S.W.3d at 269 (citing *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997)). The error is harmless if it had only a slight influence on the verdict. *Id.* In determining whether the error was harmless, we consider the nature of the evidence supporting the verdict, the character of the alleged error, and how the error might be considered in connection with other evidence in the case. *Id.* We also consider other factors, including whether the State emphasized the error and whether the erroneously admitted evidence was cumulative. *Id.* When conducting a harm analysis, we consider the entirety of the record, including evidence of the defendant's guilt, as well as the jury instructions and closing arguments. *Motilla v. State*, 78 S.W.3d 352, 355–56 (Tex. Crim. App. 2002).

Here, Maria testified that appellant assaulted her on Thanksgiving Day 2011. The prosecutor did not describe the facts or circumstances regarding the 2005 incident and there was no testimony concerning that incident. During closing argument, the prosecutor did not refer to the events of the 2005 offense.[1] Accordingly, we cannot say that, even if

---

[1] The only reference to the 2005 offense was a brief reference when the prosecutor noted that appellant's sister, who testified, did not know of the 2005 offense.

the trial court erred in admitting State's Exhibits 1 and 2, that appellant was harmed. *See*

TEX. R. APP. P. 44.2(b); *Robinson*, 236 S.W.3d at 269.

We overrule appellant's sole issue.

### III. CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS GARZA,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
21st day of August, 2014.