LEONARD HAYS v. THE STATE.

No. 5544. Decided January 14, 1920.

**Burgary—Private Residence—Rape—Insufficiency of the Evidence.**

Where, upon trial of burglary of a private residence, with intent to commit the offense of rape, the evidence showed that prosecutrix was awakened from sleep to find the defendant bending over her at night and holding her wrist, and that when she moved defendant said it was he, when she

jerked away from him and he ran out of the room; it having been shown that defendant was requested by the husband of prosecutrix to stay at his house during his absence for her protection, etc., but there was nothing in the evidence to indicate an intent to use any force to accomplish the purpose of sexual intercourse, the conviction could not be sustained. Following; Mitchell v. State, 33 Texas Crim. Rep., 575, and other cases.

Appeal from the District Court of Smith.   Tried below before the Hon. J. R. Warren, judge.

Appeal from a conviction of burglary of a private residence, with intent to commit rape;   penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Simpson, Lasseter & Gentry,* for appellant.—Cited cases in opinion.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—In this case appellant was convicted of burglary of a private residence, with intent to commit the offense of rape.

We find in the record but one question of sufficient importance to justify our consideration, and that is, as to the sufficiency of the evidence.

Appellant was charged with breaking into the private residence of Mrs. E. C. Butterfield, with intent to commit rape upon her. The proof shows that her husband was temporarily away from home, and had procured appellant to stay at the house during his absence, as protection for Mrs. Butterfield, and her small child. On the second night of such absence, Mrs. Butterfield says she was awakened from sleep, to find appellant bending over her, and holding her wrist; that when she moved, he said, "This is Hays," and that she then jerked away from him and said, "You dirty dog! What are you doing in here?" and that he at once ran out of the room.

She dressed herself and little child, and went at once to the house of a tenant, and told him what had occurred. That this man went to the part of the Butterfield home occupied by appellant, and found him, as said witness testified, simulating sleep. Said witness inquired of appellant what he meant by his conduct, to which appellant replied that if he went into Mrs. Butterfield's room, he must have been walking in his sleep.

There is no question but that a screen door opening into Mrs. Butterfield''s sleeping apartment was cut, and that such entry was burglarious if made for the purpose of rape upon her as charged in the indictment.

The charge of the trial court was exceptionally full and fair, and submitted to the jury the question of appellant's purpose in

entering the house, instructing them that if he intended to have carnal intercourse with the woman by force, he would be guilty, but that if at the time of such entry, his intention was to have intercourse with her with her consent, that he would not be guilty.

We hesitate to interfere with a verdict in any case, but when there appears to us no sufficient evidence, we will so hold. Aside from the fact of entry by cutting the screen, nothing appears in the record to indicate an intent to use any force to accomplish the purpose of sexual intercourse with the woman. There is no dispute of the fact that appellant was in the room, by the bedside of the woman, and with his hand upon her wrist. However, unjustifiable such action on his part might be, it appears that he did not endeavor to disguise or conceal his identity, or in any way to use force after Mrs. Butterfield's actions and words at the time she awoke, but on the contrary, the testimony of Mrs. Butterfield herself, shows that he disclosed his identity, told who he was, and promptly desisted from whatever design he may have had, and withdrew from the room. We can only arrive at the appellant's intention at the moment of entry into the room, by his subsequent acts, and to our mind, the evidence of the actions of appellant after the woman awoke, falls short of supplying that proof evident of what his intention was, which should exist in every case before any person be deprived of his liberty. Mrs. Butterfield was alone in the house, except for her little child, which fact was known to appellant, but he is not shown to have made any effort to overcome resistance or to prevent an outcry on the lady's part. No threat, or presence of any kind of weapon is shown. We cannot give our approval of this verdict, in the light of the long line of authorities in this State holding facts insufficient to make out this character of charge, which are equally potent and cogent as those in the instant case. Mason v. State, 88 S. W. Rep., 689; Mitchell v. State, 33 Texas Crim. Rep., 575; Coleman v. State, 26 Texas Crim. App., 252; Hamilton v. State, 11 Texas Crim. App., 116; Ford v. State, 53 S. W. Rep., 847.

Because of the insufficiency of the evidence to support the verdict, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*