## LAS BIRMINGHAM V. THE STATE.

No. 9925.   Delivered February 24, 1926.

**Assault to Rape—Evidence—Held, Insufficient.**

Where, on a trial for assault with intent to rape, the identity of appellant as the assaulting party was shown only by a comparison of tracks and by very unsatisfactory testimony, as to the conduct of man-trailing dogs, and the assault is not clearly shown, we cannot permit a conviction with a penalty of twenty years to stand, and the judgment is reversed. Following Cromeans v. State, 129 S. W. 644 and other cases cited.

Appeal from the District Court of Cass County.   Tried below before the Hon. Hugh Carney, Judge.

Appeal from a conviction of an assault, with intent to rape, penalty twenty years in the penitentiary.

The opinion states the case.

*Lincoln & Bashman* of Texarkana, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is assault with intent to commit rape, and the punishment is twenty years in the penitentiary.

The prosecutrix is a fourteen year old white girl and the appellant is a thirty year old negro. The prosecutrix testified that she was sleeping in an adjoining room to that of her father and mother while across the hall other members of the family were sleeping. That the first thing that attracted her attention was when she heard something which she thought was a cat, and that something pulled on the cover. That she did not holler then but that somebody placed his hand on her hip and then she hollored and called her mother. That she did not scream but just called in an ordinary voice. That when the cover was pulled she put out her hand to the side of the bed to see if she could feel anything and she couldn't feel anything, and then she called twice, and when she called the second time she heard something walking, and kind of running, and then she screamed. Thereafter she heard a sound like somebody stepping, going out from her room into the dining-room and

from there she heard him leave the house and heard the door slam.

This is the extent of the state's testimony as to what happened in the room. By proof of similarity of tracks and by very unsatisfactory testimony as to the conduct of man-trailing dogs, the state sought to identify this apellant ·as the prowler in the house. If it be conceded that his identity was established by the testimony it still remains true that under the authorities in this state, the testimony is insufficient to show that the appellant was guilty of the offense of assault with intent to commit rape. Cromeans v. State, 129 S. W. 112a; Hays v. State, 217 S. W. 938; Mason v. State, 83 S. W. 689; Vinsen v. State, 277 S. W. 644; Selby v. State, delivered February 10, 1925. No. 9846.

The State, through its attorney, concedes that the evidence in this case is insufficient. to support the verdict and we think the state's position in the matter is correct, hence, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Appeals and approved by the Court.