HERMAN J. BALDWIN V. STATE.

No. 24217. January 26, 1949.

20

*John E. Cahoon* and *King C. Haynie* (on appeal only) Houston, for appellant.

*A. C. Winborn,* Criminal District Attorney, *E. T. Branch,* Assistant Criminal District Attorney, Houston, and *Ernest S. Goens,* State's Attorney, Austin, for the state.

KRUEGER, Judge.

The offense is an attempt to commit burglary with intent to commit rape. The punishment assessed is confinement in the state penitentiary for a term of 4 years.

The indictment contained two counts, one of which charged appellant with an attempt to commit burglary with intent to commit theft, and the other with intent to commit rape. The jury found him guilty under the second count.

Appellant brings forward two complaints, one relates to the court's action in declining to submit his special requested charge and the other relates to the sufficiency of the evidence to sustain his conviction.

The state's evidence, briefly stated, shows that early in the morning of September 14, 1947, appellant came upon the porch of Roy Bernard's home, located in the City of Houston, cut the screen over the window of the room in which Mr. Bernard's daughter, Mrs. Loraine Scalise, was sleeping. The young woman was aroused by the noise he made in his attempt to enter her room, and she noticed a Negro crouched at the window. She arose from her bed, went to her mother's room and told her about what she saw, and then telephoned the police department. The mother procured a pistol, and with her daughter, went to the porch. While there, she and her daughter saw appellant coming in a run from an alley. When he arrived near Bernard's home and saw the ladies on the porch, he slowed down to an

ordinary walk. When he got opposite the ladies, Mrs. Barnard commanded him to stop but he failed to heed her request, whereupon, she shot into the ground. He then ran towards his truck which was parked not very far away. Mrs. Bernard followed him and asked him to stop. He paid no attention to her but kept running, whereupon, she shot him in the mouth as he looked back at her. She also shot him in one arm. At this juncture, the policemen appeared and found him crawling on his hands and feet near a hedge along the side of the street with Mrs. Bernard watching him.

Apellant testified that he was drunk on the occasion in question; that he did not remember cutting the screen, if he did cut it; that he did not know how he got out to Mr. Bernard's home; that he had no intention to break into anyone's house for any reason, nor did he know of any reason why he went out there; that he did not remember Mrs. Bernard shooting into the ground or shooting him. The state proved by the policemen who arrested him that he was not drunk; that he walked straight even after he was shot; that they smelled no liquor or the odor of liquor on his breath. Under the foregoing facts, the jury found him guilty of an attempt to commit burglary with intent to commit rape.

After reviewing the statement of facts, we are of the opinion that appellant's contention that the evidence is insufficient to sustain his conviction of the offense charged is well-founded. It seems to be the established rule in this state that before a conviction can be had for the offense of an attempt to commit burglary with the intent to commit rape the evidence must not only show the attempt to commit burglary but must also show that the party, at the time, had the specific intent to commit the offense of rape. In the instant case, the intent charged in the indictment was to commit the offense of rape and this the state was required to prove in order to sustain a conviction. There is not any fact or circumstance in the record which shows what his purpose was in attempting to enter the house by force. To arrive at the conclusion that he intended to commit rape, we would be required to enter the field of speculation. The evidence is equally as cogent to show that he attempted to commit burglary with the intent to commit theft as that of rape. The burden rested upon the state to prove beyond a reasonable doubt that his intent was to commit rape. In this respect, the evidence falls short of meeting the requirements of the law. In support of what we have said, we refer to the following authorities: Sanchez v. State, 143 Tex. Cr. R. 345 (158 S. W. 2d 801); Brown v. State, 94 Tex. Cr. R. 140 (250 S. W. 170); Sedg-

wick v. State, 57 Tex. Cr. R. 42 (123 S. W. 702) ; Mason v. State, 47 Tex. Cr. R. 403 (83 S. W. 689) ; and Turner v. State, 24 Tex. App. 12 (5 S. W. 511).

The court did not err in declining to submit appellant's requested charge.

Having reached the conclusion that the evidence is insufficient to sustain the conviction, the judgment of the trial court is reversed and the cause is remanded.

Opinion approved by the Court.