CURTIS WALLS V. STATE

No. 28,831. February 20, 1957.
State's Motion for Rehearing Overruled
(Without Written Opinion) April 3, 1957.

*Jack Welch,* Marlin, for appellant.

*Thomas Bartlett, Jr.,* County Attorney, Marlin, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is burglary with intent to commit the crime of rape; the punishment, 10 years.

The sufficiency of the evidence to sustain the conviction is challenged.

The prosecutrix, an 80-year-old woman, operated a small store in which she sold candy and soda water. According to her testimony, the 24-year-old appellant had on a prior occasion offered her $10 for the privilege of having intercourse with her, which she declined and ordered him to leave the store. On the night charged in the indictment, the appellant entered the front door of the store with his pants open and his privates exposed, walked to a point approximately six feet from where the prosecutrix was seated watching television, apparently saw prosecutrix's companion Pauline Anderson, said "Oh" and left the store. Sometime later, the appellant was seen looking in the window of the store, and when this was called to the prosecutrix's attention she chased him away with a baseball bat.

The appellant, testifying in his own behalf, stated that he had gone to the store to buy some candy, that after he entered he discovered that his pants were open, said "Oh" and immediately left. He denied the $10 offer or that he had looked in the window. He testified that he had never attended school.

The state's brief seeks to support the contention that a burglary was commtited. We need not pass upon that question because we have concluded that the evidence is insufficient to establish the requisite intent on the part of the appellant to commit the crime of rape.

In the relatively recent case of Lawson v. State, 153 Texas Cr. Rep. 188, 218 S.W. 2d 845, in reversing the conviction because of the insufficiency of the evidence, we said:

"There must be sufficient evidence to authorize the jury to believe that it was his intention to have the carnal knowledge at the time at all hazards; that he intended to use sufficient force to accomplish his purpose notwithstanding any resistance the female might make."

Finding the evidence insufficient to support the conviction, the judgment is reversed and the cause remanded.