Delair WATSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–03–00216–CR.

Court of Appeals of Texas,
Waco.

Feb. 23, 2005.

Stan Schwieger, Waco, for appellant.

John W. Segrest, McLennan County Dist. Atty., Waco, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

FELIPE REYNA, Justice.

A jury convicted Delair Watson of burglary of a habitation and assessed his punishment at thirteen years' imprisonment. Watson contends in two issues that the evidence is legally and factually insufficient to prove that he attempted to commit the offense of sexual assault when he entered the habitation in question. Because we conclude that the evidence is factually insufficient, we will reverse and remand.

■ The indictment alleges that Watson entered Jennifer Romo's apartment without her consent "and attempted to commit ... the felony offense of sexual assault."[1] Romo testified that she saw Watson "kind of jogging" toward her porch on the afternoon in question. He came to her screen door and tried to talk with her. He told her that he knew her, but she suggested to him that he was probably thinking of the teenage girls who lived next door. As they talked, Watson opened the door, stepped halfway in, and put his foot between the door and the doorjamb so she couldn't close the door. Romo noticed that Watson had an erection at this time. She told him to leave, and he did.

Romo then went into another room, but she heard the screen door open again only a few seconds later. She found Watson standing in her kitchen and started yelling at him to get out. Watson just stood there without saying anything. He then dropped his shorts to his ankles, exposing himself in an aroused state. Romo grabbed a butcher knife, pointed it at him, and told him to get out. Watson grabbed the end of the knife. Romo twisted the knife, and Watson let go. He pulled up his shorts and left. Watson walked over and sat down on the porch of an apartment across the street. Romo called her father who in turn called the police. The police arrested Watson sitting on the porch across the street from Romo's apartment.

Watson contends in two issues that the evidence is legally and factually insufficient to prove that he intended to commit sexual assault while in Romo's apartment.

In reviewing a claim of legal insufficiency, we view all of the evidence in a light most favorable to the verdict and determine whether any rational trier of fact could have found the essential element beyond a reasonable doubt. *Jackson v. Va.*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Sells v. State*, 121 S.W.3d 748, 753–54 (Tex.Crim.App.2003). We resolve any inconsistencies in the evidence in favor of the verdict. *Curry v. State*, 30 S.W.3d 394, 406 (Tex.Crim.App. 2000).

> There is only one question to be answered in a factual-sufficiency review: Considering all of the evidence in a neutral light, was a jury rationally justified in finding guilt beyond a reasonable doubt? However, there are two ways in which the evidence may be insufficient. First, when considered by itself, evidence supporting the verdict may be too weak to support the finding of guilt beyond a reasonable doubt. Second, there may be both evidence supporting the

---

1. The indictment also alleges that Watson committed the offense of sexual assault, but it is undisputed that he did not. Accordingly, we focus on the allegation that he attempted to commit the offense.

verdict and evidence contrary to the verdict. Weighing all the evidence under this balancing scale, the contrary evidence may be strong enough that the beyond-a-reasonable-doubt standard could not have been met, so the guilty verdict should not stand. This standard acknowledges that evidence of guilt can "preponderate" in favor of conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt. Stated another way, evidence supporting guilt can "outweigh" the contrary proof and still be factually insufficient under a beyond-a-reasonable-doubt standard.

*Zuniga v. State,* 144 S.W.3d 477, 484–85 (Tex.Crim.App.2004).

 "The elements of criminal attempt are: (1) a person (2) with specific intent to commit an offense (3) does an act amounting to more than mere preparation (4) that tends to effect the commission of the offense intended." *Herrin v. State,* 125 S.W.3d 436, 440 n. 5 (Tex.Crim.App. 2002) (quoting *Yalch v. State,* 743 S.W.2d 231, 233 (Tex.Crim.App.1988)); *see also* TEX. PEN.CODE ANN. § 15.01(a) (Vernon 2003).[2] Here, Watson's "specific intent" is at issue.

[A] jury may infer intent from any facts which tend to prove its existence, including the acts, words, and conduct of the accused, and the method of committing the crime and from the nature of wounds inflicted on the victims.

*Hart v. State,* 89 S.W.3d 61, 64 (Tex.Crim. App.2002) (quoting *Manrique v. State,* 994 S.W.2d 640, 649 (Tex.Crim.App.1999) (Meyers, J., concurring)).

Consistent with this rationale, courts have examined the words and actions of defendants when determining whether the evidence is legally and/or factually sufficient to prove an intent to commit a sex crime during the course of a burglary. In some cases, courts have found the evidence legally sufficient where the defendant used force against the complainant. *See Sharpe v. State,* 881 S.W.2d 487, 489–90 (Tex.App.-El Paso 1994, no pet.); *Moone v. State,* 802 S.W.2d 101, 104 (Tex.App.-Austin 1990, no pet.); *Williams v. State,* 699 S.W.2d 368, 369–70 (Tex.App.-Houston [1st Dist.] 1985, no pet.); *see also Hackbarth v. State,* 617 S.W.2d 944, 945–46 (Tex.Crim.App.1981) (evidence legally sufficient to prove attempted rape where defendant used force against complainant in addition to attempting to disrobe her, exposing himself, and making provocative statements).

Our research has disclosed one case in which the court found the evidence legally and factually sufficient to prove burglary with intent to commit indecency with a child because of the manner in which the defendant touched the child complainant. *See Sendejo v. State,* 26 S.W.3d 676, 678 (Tex.App.-Corpus Christi 2000, pet. ref'd).

In another line of cases, courts have found the evidence legally or factually sufficient to prove burglary with intent to commit a sex crime because of the words uttered by the defendant. *See Denison v. State,* 651 S.W.2d 754, 758 (Tex.Crim.App. 1983) (legal sufficiency); *Moore v. State,* 54 S.W.3d 529, 539–40 (Tex.App.-Fort Worth 2001, pet. ref'd) (factual sufficiency); *Sharpe,* 881 S.W.2d at 489–90 (legal sufficiency); *see also Hackbarth,* 617 S.W.2d at 945–46 (legal sufficiency).

Conversely, in some cases it has been determined that the defendant's words and actions were legally insufficient to prove

**2.** Section 15.01(a) provides, "A person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended." TEX. PEN.CODE ANN. § 15.01(a) (Vernon 2003).

that he intended to commit a sex crime during the course of a burglary. Thus, in *Walls v. State,* the Court of Criminal Appeals determined that the evidence was legally insufficient where the defendant entered the complainant's store "with his pants open and his privates exposed, walked to a point approximately six feet from where the prosecutrix was seated watching television, apparently saw prosecutrix' companion Pauline Anderson, said 'Oh' and left the store." 164 Tex.Crim. 470, 299 S.W.2d 953, 953 (1957).

In *Baldwin v. State,* the Court found the evidence legally insufficient where the defendant

> came upon the porch of Roy Bernard's home, located in the City of Houston, cut the screen over the window of the room in which Mr. Bernard's daughter, Mrs. Loraine Scalise, was sleeping. The young woman was aroused by the noise he made in his attempt to enter her room, and she noticed [him] crouched at the window.

153 Tex.Crim. 19, 216 S.W.2d 985, 986 (1949). Scalise then went to her mother's room, her mother retrieved a pistol, and they went to the porch. They saw the defendant "coming in a run from an alley." *Id.* The Court found this evidence lacking because

> [t]here is not any fact or circumstance in the record which shows what his purpose was in attempting to enter the house by force. To arrive at the conclusion that he intended to commit rape, we would be required to enter the field of speculation. The evidence is equally as cogent to show that he attempted to commit burglary with the intent to commit theft as that of rape. The burden rested upon the state to prove beyond a reasonable doubt that his intent was to commit rape. In this respect, the evi-

dence falls short of meeting the requirements of the law.

*Id.*

In *Hays v. State,* the Court found the evidence legally insufficient where the complainant awakened to find a family friend (who was staying in the home while the complainant's husband was away) "bending over her and holding her wrist." 86 Tex.Crim. 469, 217 S.W. 938, 938 (1920). The Court found the evidence insufficient because the defendant did not attempt to conceal his identity, did not threaten the complainant, and did not use force against her. *Id.*

The facts of Watson's case are closest to those in *Walls.* However, Watson did reach out and grab the end of Romo's knife. When considered together with the fact that Watson was exposing himself while aroused, a rational trier of fact could infer that he intended to overpower Romo and sexually assault her when he grabbed the end of the knife. Thus, the evidence is legally sufficient, and Watson's first issue is overruled.

■ However, it must also be noted that Watson did not say anything threatening or anything to indicate he intended to sexually assault Romo; his conduct in grabbing the knife could also be viewed as an effort to defend himself; he did not flee the apartment complex; and Romo's father testified that her emotional state at the time was one primarily of anger and confusion rather than fear.

Under these facts, the evidence which *tends to support the verdict* " 'preponderate[s]' in favor of conviction but still [is] insufficient to prove the elements of the crime beyond a reasonable doubt." *See Zuniga,* 144 S.W.3d at 485. Thus, the evidence is factually insufficient, and Watson's second point is sustained.

The judgment is reversed, and this cause is remanded for further proceedings consistent with this opinion.

Chief Justice GRAY dissenting.

TOM GRAY, Chief Justice, dissenting.

Let me see if I've got this straight.

A man enters a house after he has been told to leave. When the woman in the house confronts him in her kitchen she screams, telling him to get out. Instead of leaving, he drops his pants revealing his erect penis. The woman, being in the kitchen, grabs a knife (good for her). Rather than flee, the intruder grabs the end of the knife. The woman twists it in the intruder's hand, he releases it, pulls up his pants and leaves.

And from these facts a person is not rationally justified in finding beyond a reasonable doubt that the intruder entered the home with the intent to sexually assault the woman? I guess my response to the majority opinion—"You have got to be kidding"—makes me irrational, along with 12 jurors and the trial court.

When I line up the same cases the majority does, I see the following:

1. Use of force against victim—grabbed the knife.
2. Failure to immediately retreat even after challenged—unlike *Walls*.
3. Exposed himself—unlike *Baldwin* or *Hays*.

I dissent.[1]

---

1. The majority fails to comply with *Goodman v. State,* 66 S.W.3d 283, 286–87 (Tex.Crim. App.2001).