IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00010-CR

 

BILLY
JOE McCULLOUGH, JR.,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 82nd District Court

Falls County, Texas

Trial Court # 7777

 



MEMORANDUM 
Opinion



 

          A
jury convicted Billy Joe McCullough, Jr. of aggravated assault.  The court assessed his punishment at fifteen
years’ imprisonment.  McCullough contends
that the evidence is legally and factually insufficient to prove that he
intended to cause serious bodily injury; that the court erred by failing to
submit a self-defense instruction involving the use of non-deadly force; that
the court abused its discretion by admitting an officer’s testimony that McCullough
refused to talk before his arrest without a lawyer present and that a witness at
the scene identified McCullough as the assailant; and that the court abused its
discretion by admitting an affidavit made by McCullough’s former wife to obtain
a protective order against him.  We will
affirm.

Sufficiency
Of The Evidence








          McCullough
contends in his first and second issues respectively that the evidence is
legally and factually insufficient to prove that he intended to cause serious
bodily injury to the victim Richard Smart, Jr.

In
reviewing a claim of legal insufficiency, we view all of the evidence in a
light most favorable to the verdict and determine whether any rational trier of
fact could have found the essential element beyond a reasonable doubt.  Jackson v. Va.,
443 U.S.
307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed.
2d 560 (1979); Sells v. State, 121 S.W.3d 748, 753-54 (Tex.
Crim. App. 2003).  We resolve any
inconsistencies in the evidence in favor of the verdict.  Curry v. State, 30 S.W.3d 394, 406 (Tex.
Crim. App. 2000).

In
reviewing a claim of factual insufficiency, we ask only one question:

Considering all of the evidence in a neutral
light, was a jury rationally justified in finding guilt beyond a reasonable
doubt?  However, there are two ways in
which the evidence may be insufficient. 
First, when considered by itself, evidence supporting the verdict may be
too weak to support the finding of guilt beyond a reasonable doubt.  Second, there may be both evidence supporting
the verdict and evidence contrary to the verdict. Weighing all the evidence under this balancing
scale, the contrary evidence may be strong enough that the
beyond-a-reasonable-doubt standard could not have been met, so the guilty
verdict should not stand.  This standard
acknowledges that evidence of guilt can “preponderate” in favor of conviction
but still be insufficient to prove the elements of the crime beyond a
reasonable doubt.  Stated another way,
evidence supporting guilt can “outweigh” the contrary proof and still be
factually insufficient under a beyond-a-reasonable-doubt standard.

 

Zuniga v. State, 144 S.W.3d 477, 484-85 (Tex. Crim. App. 2004).

          McCullough
does not dispute that Smart suffered serious bodily injury as a result of the
assault.  Rather, he contends that there
is no evidence that he intended to cause serious bodily injury to Smart by
hitting and kicking him.  The more
precise issue, however, is whether there is legally and factually sufficient
evidence that he intentionally or
knowingly caused serious bodily injury to Smart.

          The
Penal Code defines the terms “intentionally” and “knowingly” as follows.

                   (a)
A person acts intentionally, or with intent, with respect to the nature of his
conduct or to a result of his conduct when it is his conscious objective or
desire to engage in the conduct or cause the result.

 

                   (b)
A person acts knowingly, or with knowledge, with respect to the nature of his
conduct or to circumstances surrounding his conduct when he is aware of the
nature of his conduct or that the circumstances exist.  A person acts knowingly, or with knowledge,
with respect to a result of his conduct when he is aware that his conduct is
reasonably certain to cause the result.

 

Tex.
Pen. Code Ann. § 6.03(a), (b)
(Vernon 2003).

          [A]
jury may infer intent [or knowledge] from any facts which tend to prove its
existence, including the acts, words, and conduct of the accused, and the
method of committing the crime and from the nature of wounds inflicted on the
victims.

 

Hart v.
State, 89 S.W.3d 61, 64 (Tex.
Crim. App. 2002) (quoting Manrique v.
State, 994 S.W.2d 640, 649 (Tex. Crim. App. 1999) (Meyers, J.,
concurring)); Watson v. State, No.
10-03-216-CR, 2005 Tex. App. LEXIS 1505, at *5 (Tex. App.—Waco Feb. 23, 2005,
no pet. h.).

          On
the date in question, Smart was intoxicated and confronted McCullough about the
manner in which McCullough was treating McCullough’s wife (who was also Smart’s
cousin).  Smart uttered threatening words
and reached in his pocket.  McCullough
thought Smart was about to shoot him, so McCullough hit Smart in the face,
knocking him to the ground.  Smart
suffered a laceration to the back of the head when he fell to the ground.

          One
witness to the altercation, Cassandra Alexander, testified that Smart was lying
motionless and McCullough was about to kick him again.  She told McCullough to stop, and he did.

          Another
witness, Winston Clark, testified that he elevated Smart’s head because he was
concerned that Smart might choke on his own blood.  McCullough then kicked Clark by mistake, thinking that Smart was getting up.

          A
third witness, Bonnie Gaston, was in a house next door to the lot where the
altercation occurred.  She testified that
a female (Alexander) came knocking on the door asking to use the telephone to
call 9-1-1,
stating, “This man’s going to kill this other man.”  Gaston went outside and saw Smart lying
motionless on the ground.  She saw
McCullough straddling Smart’s body, hitting him in the face.  People in the crowd were yelling, “You’re
going to kill him.”  When McCullough
stood up, Gaston testified that he stomped on Smart’s midsection then kicked
him in the side.

          McCullough
took the stand in his own defense.  He
admitted to hitting Smart at least six times, five of those times being after
Smart fell to the ground.  He then
stomped Smart on the forehead.

          A
physician who examined Smart in the emergency room testified that he suffered a
closed head injury and that his condition was “extremely serious.”  A doctor who treated Smart at a second
hospital testified that he suffered multiple facial fractures and a perforation
of the small intestine, which the doctor described as “life threatening” due to
a significant risk of infection absent surgical intervention.

The jury heard evidence that McCullough
persisted in assaulting Smart even after people in the crowd warned him that he
may kill Smart if he continued. 
Alexander went to get help because she thought McCullough was “going to
kill” Smart.  The jury heard testimony
that McCullough continued to hit and kick or stomp on Smart even after he was
unconscious.  

Based on the evidence presented, we hold that
the record contains legally and factually sufficient evidence that McCullough
intentionally or knowingly caused serious bodily injury to Smart.  Cf. Dale
v. State, 90 S.W.3d 826, 833 (Tex. App.—San Antonio 2002, pet. ref’d)
(evidence that defendant hit victim first, that defendant kicked victim who “was
on the floor and not fighting back,” that victim’s “injuries to his face and
head were consistent with numerous blows by a fist or by kicking,” and that
victim “died as a result of complications resulting from an assault . . . shows
that defendant intentionally caused serious bodily injury”).

Accordingly, we overrule McCullough’s first and
second issues.

Self-Defense
Instruction

          McCullough
contends in his third issue that the court improperly submitted the issue of
self-defense in the jury charge because there was evidence that he did not use
deadly force during the assault.

          McCullough
did not request an instruction on self-defense using non-deadly force, and he
did not object to the self-defense instruction submitted.  Therefore, he can prevail on this issue only
if he shows that the charge was erroneous and he suffered egregious harm as a
result.  See Mann v. State, 964 S.W.2d 639, 641 (Tex. Crim. App. 1998); Steadman v. State, No. 10-03-00168-CR,
2005 Tex. App. LEXIS 602, at *9 (Tex. App.—Waco Jan. 26, 2005, pet. filed).

          The
law of self-defense varies depending on whether the accused used deadly
force.  Section 9.01(3) of the Penal Code
defines the term “deadly force” as “force that is intended or known by the
actor to cause, or in the manner of its use or intended use is capable of
causing, death or serious bodily injury.” 
Tex. Pen. Code Ann. §
9.01(3) (Vernon 2003).  If non-deadly
force is used, then the accused may defend himself “against another when and to
the degree he reasonably believes the force is immediately necessary to protect
himself against the other’s use or attempted use of unlawful force.”  Id. § 9.31(a) (Vernon 2003).

If deadly force is used however, then the
accused may defend himself:

(1) if he would be justified in using force
against the other under Section 9.31;

 

(2) if a reasonable person in the actor’s
situation would not have retreated; and

 

(3) when and to the degree he reasonably
believes the deadly force is immediately necessary . . . to protect himself
against the other’s use or attempted use of unlawful deadly force.

 

Id. § 9.32(a) (Vernon 2003).[1]

McCullough does not dispute that Smart suffered
serious bodily injury as a result of the assault.  As he states in his brief, “There is no doubt
that there was serious bodily injury in this case.”  Because McCullough’s assault “indisputably
caused serious bodily injury to [Smart], [McCullough] by definition used deadly
force.”  See Ferrel v. State, 55 S.W.3d 586, 592 (Tex. Crim. App. 2001).  Therefore, McCullough was not entitled to a
self-defense instruction regarding the use of non-deadly force.  Id.

Accordingly, we overrule his third issue.

Admission
of Testimony Regarding McCullough’s Pre-Arrest 

Silence
and Invocation of Right to Counsel

 

          McCullough
contends in his fourth issue that the court abused its discretion by allowing
an investigating officer to testify that McCullough told the officer at the
scene of the assault that he would not provide a statement without an attorney
being present.  However, McCullough did
not object to this testimony.

          Nevertheless,
McCullough contends that the officer’s references to his silence and to his
invocation of the right to counsel constitute fundamental error for which no
objection is required to preserve error. 
See Tex. R. Evid. 103(d). 
We disagree.

          The
Court of Criminal Appeals recently concluded that a defendant failed to
properly preserve a complaint regarding the admission of testimony about his
post-arrest silence.  See Heidelberg v.
State, 144 S.W.3d 535, 542-43 (Tex. Crim. App. 2004).  The El Paso Court of Appeals has held that the
erroneous admission of testimony about a defendant’s invocation of the right to
counsel does not constitute fundamental error. 
Cacy v. State, 901 S.W.2d 691,
699 (Tex. App.—El Paso 1995, pet. ref’d).

          Based
on these authorities, we hold that testimonial references to a defendant’s
pre-arrest silence and his pre-arrest invocation of the right to counsel do not
constitute fundamental error.  Because
McCullough did not object to the admission of this testimony, he has not
preserved this issue for our review.  See Tex.
R. Evid. 103(a)(1); Heidelberg, 144 S.W.3d at 542-43; Cacy, 901 S.W.2d at 699.  Accordingly,
we overrule his fourth issue.

Admission
Of Protective Order Affidavit

          McCullough
contends in his fifth issue that the court abused its discretion by admitting
an affidavit made by his former wife in support of an application for a
protective order because the affidavit referenced inadmissible extraneous
conduct on his part.  However, McCullough
did not object to the admission of this evidence.

          McCullough
suggests that the admission of the affidavit constitutes fundamental error.  We disagree. 
See e.g. Medina v. State, 7
S.W.3d 633, 643 (Tex. Crim. App. 1999) (defendant failed to preserve issue
regarding admissibility of testimony about extraneous offenses).

          Because
McCullough did not object to the admission of this testimony, he has not
preserved this issue for our review.  See Tex.
R. Evid. 103(a)(1); Medina, 7 S.W.3d at 643.  Accordingly, we overrule his fifth issue.

Admission
of Hearsay Testimony

          McCullough
contends in his sixth issue that the court abused its discretion by permitting
an officer to testify that Cassandra Alexander told him that McCullough had
assaulted Smart.

          The
prosecutor was questioning the first officer on the scene, who had found Smart
lying on the ground.  The officer
testified that Alexander approached him. 
As the officer was about to testify regarding what Alexander told him,
McCullough objected, “He will have a testimony [sic] from Ms. Alexander.”  The court overruled this objection.  The officer then testified that Alexander
told him that McCullough had assaulted Smart.

          McCullough
contends on appeal that this testimony is inadmissible hearsay.  However, McCullough did not make a hearsay
objection to this testimony at trial.[2]  Because McCullough’s trial objection does not
comport with his appellate complaint, he has not preserved this issue for our
review.  See Tex. R. Evid. 103(a)(1);
Ibarra v. State, 11 S.W.3d 189, 197
(Tex. Crim. App. 1999); Ester v. State,
151 S.W.3d 660, 663 (Tex.
App.—Waco 2004, no pet.).  Accordingly,
we overrule his sixth issue.

We affirm the judgment.

 

FELIPE REYNA

Justice

 

Before Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion delivered and filed March
 23, 2005

Do not publish

[CR25]











    [1]           Section
9.32(a)(3)(B) also permits the use of deadly force against another when the
accused reasonably believes this is “immediately necessary . . . to prevent the
other’s imminent commission of aggravated kidnapping, murder, sexual assault,
aggravated sexual assault, robbery, or aggravated robbery.”  Tex.
Pen. Code Ann. § 9.32(a)(3)(B). 
However, it does not appear that this provision applies to the facts of
McCullough’s case.





    [2]           McCullough
had made an earlier objection to the officer’s testimony on the basis of
hearsay.  However, the court sustained
this objection.