IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00216-CR

 

Delair Watson,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 54th District Court

McLennan County, Texas

Trial Court No. 2002-921-C

 



Opinion ON REMAND



 








            A jury convicted Delair Watson of burglary
of a habitation and assessed his punishment at thirteen years’ imprisonment. 
Watson contends in two issues that the evidence is legally and factually
insufficient to prove that he intended to commit the offense of sexual assault
when he entered the habitation in question.  We will affirm.

            On original submission, a majority of
this Court held that the evidence is legally sufficient but factually
insufficient.  See Watson v. State, 160 S.W.3d 627 (Tex.App.—Waco 2005). 
The Court of Criminal Appeals reversed and remanded for further consideration
after clarifying the appropriate standard for a factual sufficiency analysis
and overruling some of its own prior precedent on this issue.  See Watson v.
State, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006).

Standard of Review

Under
the clarified standard of review for a factual sufficiency claim, the reviewing
court asks whether a neutral review of all the evidence, though legally
sufficient, demonstrates either that the proof of guilt is so weak or that
conflicting evidence is so strong as to render the jury's verdict clearly wrong
and manifestly unjust.  Watson, 204 S.W.3d at 414-15 (citing Johnson
v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000)).  We “review[ ] the
evidence weighed by the jury that tends to prove the existence of the elemental
fact in dispute and compare[ ] it with the evidence that tends to disprove that
fact.”  Johnson, 23 S.W.3d at 7 (quoting Jones v. State, 944
S.W.2d 642, 647 (Tex. Crim. App. 1996)).

The
nature of a factual sufficiency review authorizes an appellate court, although
to a very limited degree, to act as the so-called “thirteenth juror” to review
the fact finder’s weighing of the evidence and disagree with the fact finder’s
determination.  Watson, 204 S.W.3d at 416-17.  Before reversing on the
basis of factual insufficiency, “an appellate court must first be able to say,
with some objective basis in the record, that the great weight and
preponderance of the (albeit legally sufficient) evidence contradicts the
jury’s verdict before it is justified in exercising its appellate fact
jurisdiction to order a new trial.”  Id. at 417.

 

Application

            The
sole issue is whether the evidence is factually insufficient to prove that Watson
intended to commit sexual assault while in the complainant Jennifer Romo's
apartment.[1]

            The
evidence which tends to support the jury’s finding that Watson so intended
includes: (1) he dropped his shorts to expose his erect penis, (2) he came
toward Romo as she grabbed a butcher knife to defend herself, (3) he did not
flee when Romo brandished the knife and told him to leave; and (4) he attempted
to take the knife away from her. [2]

Watson
argues that this evidence is factually insufficient because he did not say
anything which would indicate what his intent was and because he never touched
Romo.  Cf. Walls v. State, 164 Tex. Crim. 470, 299 S.W.2d 953, 953
(1957); Baldwin v. State, 153 Tex. Crim. 19, 216 S.W.2d 985, 986 (1949). 
We observed on original submission that Watson’s act of taking hold of the
butcher knife could be interpreted as an effort to defend himself rather than
an attempt to use force against Romo and overpower her.  See Watson, 160
S.W.3d at 630.

Thus,
the evidence gives rise to conflicting inferences on the issue of Watson’s
intent.  However, the mere fact that conflicting inferences may be drawn from
the evidence does not necessarily lead to the conclusion that the evidence is
factually insufficient, even if the evidence supporting a finding on the
challenged element may not be characterized as overwhelming.  After a neutral
review of the evidence, we cannot say “with some objective basis in the record
that the great weight and preponderance of the .  .  . evidence contradicts the
jury’s verdict.”  See Watson, 204 S.W.3d at 417.

Therefore, we overrule the sole issue presented
and affirm the judgment.

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Affirmed

Opinion delivered and
filed June 13, 2007

Do not publish

[CR25]

 

 









[1]
              Because our prior
determination of Watson’s legal sufficiency challenge remains undisturbed, our
scope of review on remand is limited to Watson’s factual sufficiency complaint.

 





[2]
              Because our opinion on
original submission contains a detailed recitation of the underlying facts, we
limit our discussion on remand to the facts directly pertinent to the issue
before us.







 

By his second issue,
appellant contends that the trial court abused its discretion in dismissing
this lawsuit as frivolous.  We disagree.




 

A.   
Standard of Review and Applicable Law

Generally, the
dismissal of inmate litigation under chapter 14 is reviewed for abuse of
discretion.  Brewer v. Simental, 268 S.W.3d 763, 767 (Tex. App.—Waco
2008, no pet.).  “To establish an abuse of discretion, an appellant must show
the trial court’s actions were arbitrary or unreasonable in light of all the
circumstances.  The standard is clarified by asking whether the trial court
acted without reference to any guiding rules or principles.”  Spurlock v.
Schroedter, 88 S.W.3d 733, 735-36 (Tex. App.—Corpus Christi 2002, pet.
denied) (internal citations omitted).

In addition, the
trial court has broad discretion to dismiss an inmate’s claim as frivolous.  Spurlock,
88 S.W.3d at 736.  To determine whether a claim is frivolous, the trial court
may consider if:  (1) the claim’s realistic chance of ultimate success is
slight; (2) the claim has no arguable basis in law or fact; (3) it is clear
that the party cannot prove facts in support of the claim; or (4) the claim is
substantially similar to a previous claim filed by the inmate because the claim
arises from the same operative facts.  Tex.
Civ. Prac. & Rem. Code Ann. § 14.003(b); see Spurlock, 88
S.W.3d at 736.

B.    
Discussion

As noted above,
appellant filed a motion to consolidate this matter with trial court cause
number 24,114—a motion that was not ruled upon by the trial court.  In that
motion, appellant admitted that the operative facts in this matter are
interrelated, “hopelessly intertwined,” and arise from similar events and
circumstances as that of trial court cause number 24,114.  Furthermore, in his
unsworn declaration of previous filings, appellant’s description of the facts
involved in trial court cause number 24,114 is substantially similar to
appellant’s recitation of facts in this matter.  Because appellant’s claim in
this matter is substantially similar to his claim in trial court cause number
24,114, section 14.003(b)(4) authorized the trial court to dismiss this matter
as frivolous.  See Tex. Civ.
Prac. & Rem. Code Ann. § 14.003(b)(4); see also Spurlock, 88
S.W.3d at 736; Obadele v. Johnson, 60 S.W.3d 345, 348 (Tex. App.—Houston
[14th Dist.] 2001, no pet.) (“The purpose of sections 14.003 and 14.004 is to
reduce the problem of constant, often duplicative, inmate litigation requiring
the inmate to notify the trial court of previous litigation and the outcome. 
When an inmate complies with section 14.004, the trial court can determine,
based on previous filings, if the suit is frivolous because the inmate had
already filed a similar claim.”).  As a result, we cannot say that the trial
court abused its discretion in dismissing appellant’s suit as frivolous under
chapter 14.  See Tex. Civ. Prac.
& Rem. Code Ann. § 14.003(b)(4); Brewer, 268 S.W.3d at 767; Spurlock,
88 S.W.3d at 736; see also Doyle v. Teske, No. 12-09-00359-CV, 2011 Tex.
App. LEXIS 2360, at **6-7 (Tex. App.—Tyler Mar. 31, 2011, no pet.) (mem. op.)
(noting that when a trial court does not make separate findings of fact and
conclusions of law, we must assume that the trial court made all findings in
support of its judgment, and we must affirm the trial court’s judgment if it
can be upheld on any legal theory finding support in the record).  Accordingly,
we overrule appellant’s second issue on appeal.[3]

IV.            
Conclusion

 

We affirm the judgment of the trial
court.

 

 

 

AL SCOGGINS

                                                                        Justice

 

Before
Chief Justice Gray,

            Justice
Davis, and

            Justice
Scoggins

Affirmed

Opinion
delivered and filed July 6, 2011

[CV06]

 








 









[1] On August 4, 2009, appellant filed a
motion seeking to consolidate this matter with the dispute filed in trial court
cause number 24,114, a case which is still pending in the trial court. 
Specifically, in his motion, appellant asserted that “the facts underlying each
action are interrelated and hopelessly intertwined . . . [and] arise from
similar events and circumstances . . . .”  Moreover, in compliance with section
14.004 of the civil practice and remedies code, appellant filed an unsworn
declaration of previous filings, in which he described the matter in trial
court cause number 24,114 as follows:

 

Smith v. Quada, Jr., et al., 24114, Walker County State Disitrict
[sic] Court (12th Judicial) in Huntsville, Texas; names multiple defendant
prison officials (Robert [H.] Quada, Jr.; Garland Goodrum, A Crofton, L. Jones;
Scott Bailey; Steven Jeffcoat; Herbert Gary; Tracy Bailey; Lonny Johnson; Kelly
Strong; Robin R. Robinson; Charless [sic] Bell; Robert Treon; and Nathanial
Quarterman . . . brought 42 U.S.C. § 1983 action alleging retaliation, denial
of equal protection, denial of access to courts, inter alia.  The crux of this
action stems from (1) prison officials reprisls [sic]/harassments perpetuated
against Plaintiff due to his exercise of both administrative grievances and
redress through courts, and (2) among other things, (2) flagrant manipulation
and exploitation of legal storage box policies to deprive Plaintiff of adequate
space to secure all his legal materials per AD 03.72.

 

See
Tex. Civ. Prac. & Rem. Code Ann.
§ 14.004 (Vernon 2002); see also Parker v. Thomas, No. 10-08-00318-CV,
2010 Tex. App. LEXIS 6990, at *2 (Tex. App.—Waco Aug. 25, 2010, no pet.) (mem.
op.).  On appeal, appellant argues that there is “a factual dispute as to
whether the two suits are substantially similar . . . .”  However, we note that
appellant has already judicially admitted, through his motion for
consolidation, that the two suits are substantially similar, and such an
admission is binding upon appellant.  See Holy Cross Church of God in Christ
v. Wolf, 44 S.W.3d 562, 568 (Tex. 2001) (“‘Assertions of fact, not plead in
the alternative, in the live pleadings of a party are regarded as formal
judicial admissions.’” (quoting Houston First Am. Savs. v. Musick, 650
S.W.2d 764, 767 (Tex. 1983))); see also AEP Tex. Cent. Co. v. Pub. Util.
Comm’n of Tex., 286 S.W.3d 450, 459 n.24 (Tex. App.—Corpus Christi 2008,
pet. denied) (noting that a “judicial admission is binding on the party
admitting it, and he may not introduce contradicting evidence”).  Also in his
unsworn declaration of previous filings, appellant listed numerous other
lawsuits in which he filed pro se, many of which were dismissed as frivolous or
for some other reason.  

 





[2] Appellees have not filed an appellate
brief in this matter.





[3] Given our disposition of appellant’s
second issue, we need not address appellant’s remaining sub-issues, as their
resolution is not necessary to our disposition.  See Tex. R. App. P. 47.1.