**Otiquio FLORES, Jr. a/k/a Otiguio Flores, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–99–699–CR.**

Court of Appeals of Texas, Corpus Christi.

March 1, 2001.

278

W.A. "Bill" White, Victoria, for Appellant.

Michael A. Sheppard, Dist. Atty., Robert C. Lassmann, Asst. Dist. Atty., Cuero, for Appellee.

Before Chief Justice VALDEZ and Justices HINOJOSA and RODRIGUEZ.

**OPINION**

Opinion by Justice HINOJOSA.

A jury found appellant, Otiquio Flores, Jr. a/k/a Otiguio Flores, Jr., guilty of the offense of indecency with a child and assessed his punishment at twenty years imprisonment and a $10,000 fine. By two points of error, appellant contends the trial court erred by refusing to charge the jury on the lesser included offense of indecent exposure, and that he received ineffective assistance of counsel at trial because his attorney failed to submit to the court a proposed charge on indecent exposure. We affirm.

### A. Lesser Included Offense

■ In his first point of error, appellant contends the trial court erred by refusing to charge the jury on the lesser included offense of indecent exposure. The State argues that appellant did not properly object to the trial court's refusal to charge the jury on the lesser included offense, and has, therefore, completely waived this issue.

■ It is well-settled in Texas that jury charge error is analyzed according to whether the alleged error was objected to at trial. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1984).

> If the error in the charge was the subject of a timely objection in the trial court, then reversal is required if the error is "calculated to injure the rights of defendant," which means no more than that there must be some harm to the accused from the error. In other words, an error which has been properly preserved by objection will call for reversal as long as the error is not harmless.
>
> On the other hand, if no proper objection was made at trial and the accused must claim that the error was "funda-

mental," he will obtain a reversal only if the error is so egregious and created such harm that he "has not had a fair and impartial trial"—in short "egregious harm."

*Id.; see also* TEX.CODE.CRIM. PROC. ANN. art. 36.19 (Vernon 1981).

Therefore, our first inquiry must be whether the jury charge error complained of on appeal was objected to at trial. At the charge conference, the following colloquy occurred:

> The Court: Counsel have had a reasonable time to review the charge of the Court. I would ask at this time, are there any objections?
>
> * * * * *
>
> Appellant's Counsel: I have no objections, Your Honor, but I would like to include a charge on indecent exposure, a lesser included offense.
>
> The Court: Do you have a proposed charge?
>
> Appellant's Counsel: No, I do not.
>
> The Court: All right. That will be denied.

■ Error relating to a jury charge may be preserved by asserting either an objection or a requested charge. *Vasquez v. State,* 919 S.W.2d 433, 435 (Tex.Crim. App.1996); *Arana v. State,* 1 S.W.3d 824, 826 (Tex.App.—Houston [14th Dist.] 1999, pet. ref'd). Article 36.15 of the Texas Code of Criminal Procedure provides that:

> [b]efore the court reads his charge to the jury, counsel on both sides shall have a reasonable time to present *written* instructions and ask that they be given to the jury. The requirement that the instructions be in writing is complied with if the instructions are *dictated to the court reporter* in the presence of the court and the state's counsel, before the reading of the court's charge to the jury.

TEX.CODE CRIM. PROC. ANN. art. 36.15.(Vernon Supp.2001). (emphasis added).

Here, appellant's attorney did not submit a written instruction and did not dictate a requested charge to the court reporter. We hold appellant did not properly object to the trial court's refusal to charge the jury on the lesser included offense of indecent exposure and did not specially request such a charge. However, our inquiry does not end here. We must next determine whether the trial court's denial of appellant's requested jury charge constitutes error.

■ The function of the jury charge is to instruct the jury on the law applicable to the case. *Dinkins v. State,* 894 S.W.2d 330, 338 (Tex.Crim.App.); *Caldwell v. State,* 971 S.W.2d 663, 666 (Tex.App.— Dallas, pet.ref'd). When we review a claim of unobjected-to charge error, we first determine whether charge error actually exists. *Mann v. State,* 964 S.W.2d 639, 641 (Tex.Crim.App.1998); *Duke v. State,* 950 S.W.2d 424, 426 (Tex.App.—Houston [1st Dist.] 1997, pet. ref'd) (citing *Almanza,* 686 S.W.2d at 171). If we find error, we then determine whether any resulting harm requires reversal, using the "egregious harm" standard set forth in *Almanza. Mann,* 964 S.W.2d at 641; *Duke,* 950 S.W.2d at 426.

■ Appellant claims the trial court erred because it did not charge the jury on the lesser included offense of indecent exposure. Whether a charge on a lesser included offense is required is determined by a two-pronged test:

> First, we must determine whether the offense constitutes a lesser included offense.... Second, the lesser included offence must be raised by the evidence at trial.

*Schweinle v. State,* 915 S.W.2d 17, 18 (Tex. Crim.App.1996); *Rousseau v. State,* 855 S.W.2d 666, 672 (Tex.Crim.App.1993); *Royster v. State,* 622 S.W.2d 442, 446–47 (Tex.Crim.App.1981). Here, the first prong of the test is clearly satisfied because indecent exposure is a lesser included offense of indecency with a child. *Briceno v. State,* 580 S.W.2d 842, 844 (Tex. Crim.App.1979); *see also* TEX.CODE CRIM. PROC. ANN. art. 37.09(Vernon Supp.2001) (the elements of a lesser included offense). The critical question, therefore, is whether the second prong is satisfied.

■ In order for the second prong of the *Schweinle* test to be satisfied, there must be some evidence which would permit a rational jury to find that if guilty, the defendant is guilty only of the lesser offense. *Schweinle,* 915 S.W.2d at 18. Anything more than a scintilla of evidence from any source is sufficient to entitle a defendant to submission of the issue. *Id.; Bignall v. State,* 887 S.W.2d 21,23 (Tex. Crim.App.1994). Therefore, the next step in our analysis is determining whether there was evidence that if guilty, appellant was guilty only of the offense of indecent exposure. *See Schweinle,* 915 S.W.2d at 19.

■ In determining whether the trial court erred by failing to charge the jury on the lesser included offense, we review all of the evidence presented at trial. *Rousseau,* 855 S.W.2d at 673; *Havard v. State,* 800 S.W.2d 195, 215 (Tex.Crim.App.1989) (opin. on reh'g). The victim, who was fifteen years old at the time of the offense, was the only eyewitness to testify about the offense. She testified that on one occasion, appellant touched her breast and kissed her. She further testified that on another occasion, appellant touched her breast and vagina, removed her shorts and underwear, pushed down his own clothing and "stuck . . . his private part inside of me." A sheriff's deputy testified that the victim told him appellant "tried to have sex with her" and that "she wasn't sure if the Defendant penetrated her." Appellant did not testify. The only defense witness was a man who had been incarcerated with appellant, who testified appellant told him someone was trying "to set him up."

The elements of indecent exposure are: (1) exposing one's anus or any part of the genitals, (2) with the intent to arouse or gratify the sexual desire of any person, and (3) where the actor is reckless about whether another is present who will be offended or alarmed by his act. TEX. PEN. CODE ANN. § 21.08(a) (Vernon 1994). The elements of indecency with a child are either: (1) engaging in sexual contact with a child under seventeen years and not his spouse; or (2)(a)exposing the anus or any part of the genitals, (b) with the intent to arouse or gratify the sexual desire of any person, and (c) knowing a child under seventeen years and not his spouse is present. TEX. PEN.CODE ANN. § 21.11(a) (Vernon Supp.2001).

After reviewing the entire record, we hold there is no evidence which would permit a rational jury to find that if guilty, appellant was guilty only of indecent exposure. *See Schweinle,* 915 S.W.2d at 18. Accordingly, we hold the trial court did not commit error by refusing to charge the jury on the lesser included offense of indecent exposure.[1] Appellant's first point of error is overruled.

B. INEFFECTIVE ASSISTANCE OF COUNSEL

■ In his second point of error, appellant contends he received ineffective

---

1. Because we find no error in the trial court's charge, it is unnecessary to proceed to the "egregious harm" analysis prescribed for unobjected to charge error. *See Mann,* 964 S.W.2d at 641; *Almanza,* 686 S.W.2d at 171; *Duke,* 950 S.W.2d at 426.

assistance of counsel at trial because his attorney failed to submit to the court a proposed charge on indecent exposure. Claims of ineffective assistance of counsel are analyzed under the rule set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by *Hernandez v. State*, 726 S.W.2d 53, 56–57 (Tex.Crim.App.1986). The *Strickland* test is the benchmark for judging whether counsel's conduct has so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a reliable result. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex.Crim.App.1999) (citing *McFarland v.. State*, 845 S.W.2d 824, 843 (Tex. Crim.App.1992)). The appellant must first show his trial counsel's performance was not reasonably effective, falling below an objective standard of reasonableness under the prevailing professional norms. *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052; *Thompson*, 9 S.W.3d at 812–13. Second, if the appellant can demonstrate deficient assistance under the first part of the *Strickland* test, he must then show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052; *Thompson*, 9 S.W.3d at 812; *Washington v. State*, 771 S.W.2d 537, 545 (Tex.Crim. App.1989). "A reasonable probability" means "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052; *Thompson*, 9 S.W.3d at 812; *Ex parte Walker*, 777 S.W.2d 427, 430 (Tex.Crim. App.1989).

We have held that the trial court did not commit error by refusing to charge the jury on the lesser included offense of indecent exposure because there is no evidence in the record which would permit a rational jury to find that if guilty, appellant was guilty only of indecent exposure. Thus,

there was no harm in counsel's failure to submit a written proposed jury charge on the lesser included offense of indecent exposure. Because there was no harm, we hold appellant has failed to meet the second requirement of the *Strickland* test. *See Strickland*, 466 U.S. at 694, 104 S.Ct. 2052. Therefore, appellant has failed to prove that his trial counsel was ineffective. Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.